## Jefferson, *et al. v.* Sadler, *et al.*

*Bill to Redeem From Mortgage Sale.*

(Decided June 2, 1908. 46 South. 967.)

1. *Appeal and Error; Review; Matters Presented; Bill of Exceptions.*—An order by the court made under Rule 27 of Supreme Court Practice, directing that certain original papers be sent to this court for inspection, does not authorize the omission of such papers from the bill of exception; and where such papers are not set out in the bill of exceptions nor are accompanied with a certificate of the register that they are the original papers ordered to be sent up, they cannot be considered.

2. *Same; Record; Review.*—The court will not review the chancellor's conclusions on the facts when it appears that there was evidence before the chancery court which is not set out in the record.

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Jefferson and others against J. M. Sadler and others for the redemption of lands from a mortgage sale. From a decree for respondents complainants appeal. Affirmed.

TAYLOR & HEARIN, for appellant. Bailey is estopped to deny complainant's title.—*Espalla v. Touart*, 96 Ala. 137; 3 Mayf. 416-17. Counsel discuss other assignments of error with citation of authority, but do not discuss the proposition decided in the opinion.

J. M. MILLER, for appellee. The papers sent under Rule 33, are not copied in the bill of exceptions and are not properly certified to this court, hence, they cannot be considered for any purpose.—*Pruitt v. McWhorter*, 74 Ala. 315; *Black v. Pate*, 130 Ala. 514. In this state of record the court cannot say the chancellor erred in his finding on the facts.

DENSON, J.—The bill in this cause was filed for the redemption of lands from two mortgages. Upon the submission of the cause on the pleadings and the proof, the chancellor rendered a final decree dismissing the bill. From that decree the complainants appealed, and have assigned it as error.

The certificate of the register shows affirmatively that a material part of the testimony upon which the cause was submitted and determined is not embraced in the record. The certificate in this respect is as follows: "* * * Do hereby certify that the foregoing pages, from 1 to 145, inclusive, contain a full and complete transcript (except the testimony of G. B. Johnston, which original testimony has been ordered sent direct to the clerk of the Supreme Court under rule 27 of the rules of practice) of the record and proceedings of the said chancery court." etc. An examination of the re-

cord also shows that the testimony of Johnston was a part of the testimony upon which the respondents submitted the cause for final decree, and that it does not appear in the record. There appears in the record an order of the chancellor, made on motion of the complainants, and in pursuance of rule 27 of the rules of practice of the Supreme Court, requiring the register to forward, with the transcript in the cause, "the original evidence of the witness G. B. Johnston, as taken down and submitted in the cause."

We have found, accompanying the transcript, what purport to be the original depositions of G. B. Johnston. These, however are not only not set out in the record, but there is not even a certificate of the register to show that they are the original depositions, or the ones sent up in pursuance of the order made by the chancellor. It was settled many years ago, by the decisions of this court, that the rule of practice does not authorize the omission from the transcript of original papers or documents that have been ordered sent up under its provisions. "They should be copied there, in all cases, where they constitute material testimony, whether the originals are transmitted to the appellate court or not."— *Southern Railway Co. v. Leard,* 146 Ala. 349, 361, 362, and cases cited on page 362, 39 South. 449, 454. These depositions, not being embraced in the record, cannot be here considered in their original form. Therefore, it affirmatively appearing that there was evidence before the chancery court which is not set out in the record, according to our former decisions, we hold that we cannot review the conclusions of the chancellor on the facts. —*Wood v. Wood,* 119 Ala. 183, 185, 24 South. 841.

Let the decree of the chancellor, dismissing the bill, be affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.