(78 South. 229)

CARSON et al. v. SLEIGH. (7 Div. 879.)

(Supreme Court of Alabama. July 2, 1917. On Rehearing, March 23, 1918.)

1. COURTS ⬥123 — CIRCUIT COURT — CHANCERY POWERS.

By Acts 1915, p. 279, the jurisdiction and powers of the chancery court have been conferred on the circuit court, which tries and determines every cause or proceeding in equity according to the rules and principles formerly administered in the chancery court.

2. COURTS ⬥61—CIRCUIT COURT—TIME FOR HOLDING COURT.

The only limitation upon the power of the judge of the circuit court to appoint a time for the holding of his court other than the times fixed by law, if any, is that it must be held within the times designated by Acts 1915, pp. 707, 708, § 2, from the first Monday in January to and including the last Saturday of June, and from the first Monday after the Fourth of July to and including the last Saturday before Christmas.

3. APPEAL AND ERROR ⬥920(2)—PRESUMPTION FAVORING TRIAL COURT — TIME OF BRINGING ON CAUSE.

Where, to sustain a decree below on the ground that the circuit court brought on the cause for final hearing at proper time, the Supreme Court has only assumed that the judge made an order fixing a time for the peremptory call of causes within which was included the date when the cause was brought on, such assumption will be indulged, nothing to the contrary appearing.

4. EQUITY ⬥387—SUBMISSION FOR HEARING — SUBSEQUENT NOTATION OF PLEADINGS AND EVIDENCE—RULE OF COURT.

In view of the purposes of chancery rule 75 (Code 1907, p. 1551), providing that the parties must offer their testimony on the hearing of a cause, naming the witnesses and other testimony, of which the register must make a note, that any testimony not so offered and noted by

the register on the minutes must not be considered as part of the record, nor be considered by the chancellor, decree reciting a submission for final decree on the pleadings and proof as noted by the register, there appearing no occasion to doubt that the note of testimony in the cause has fully served its purpose, will not be reversed because rendered after hearing on the date the parties to the original cause, when the defendants in the cross-bill had not been brought in, joined in a submission, the pleadings and the evidence on either hand being afterwards noted by the register.

5. PARTITION ⬤═55(2)—SALE FOR DIVISION—AVERMENTS—SUFFICIENCY.

In suit for the sale of land for division among cotenants, the averment that the lands described could not be equitably divided without a sale thereof was sufficient.

6. EQUITY ⬤═369—HEARING OF CROSS-BILL—FAILURE OR NEGLECT TO PREPARE.

Code 1907, § 3118, contemplates that a cross-bill shall be heard at the same time as the original bill, but does not intend that a cross-complainant, by failing or neglecting to prepare his cross-cause for hearing, may delay indefinitely or unduly the submission of the original cause.

7. APPEAL AND ERROR ⬤═920 (2) — PRESUMPTION FAVORING TRIAL COURT—READINESS OF CROSS-COMPLAINANTS.

The Supreme Court must assume that the trial judge had good reason for bringing a cause to final hearing, notwithstanding the unreadiness of cross-complainants.

8. EQUITY ⬤═269—SUIT FOR DIVISION—NECESSITY TO AMEND.

In suit for sale of land for division among cotenants, where the original bill averred that complainant and defendants owned all of a described 80-acre tract, the answer denying generally, but the proof showed without conflict that the parties owned the west half of the tract only, in good practice the bill should have been amended before granting relief as to the west half.

9. PARTITION ⬤═63(3)—SALE FOR DIVISION—IMPOSSIBILITY OF EQUITABLE PARTITION—PROOF.

Proof that an 80-acre tract of land sought to be sold for division among cotenants is not capable of an equitable partition in kind is not proof that an included 40-acre tract may not be so divided.

10. EQUITY ⬤═427(2)—DECREE—SUPPORT BY PLEADINGS—RELIEF PRAYED AND GRANTED.

In suit for sale of land for division among cotenants, where the original bill averred complainant and defendants owned all of a described 80-acre tract, but the proof showed without conflict that the parties owned only the west half, the proof as to the necessity of a sale for equitable division being directed specifically to such 40-acre tract owned by the parties, decree for sale of the 40-acre tract owned will not be reversed on account of the difference between the relief prayed and that granted.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Suit in equity by J. W. Sleigh against W. F. Carson and others, wherein cross-bill against complainant, J. C. and T. L. Carson was filed. From the decree, respondents and cross-complainants appeal. Affirmed.

T. C. Sensabaugh, of Anniston, for appellants. Ross Blackmon and W. W. Whiteside, both of Anniston, for appellee.

SAYRE, J. This is a bill in equity for the sale of land for division among cotenants. It appeared in the progress of the cause that complainant (appellee) had derived his interest in the land in question by purchase at a sale under execution which had been levied on the interests of J. C. and T. L. Carson, heritors, each, of an undivided one-eighth interest from their mother, Mrs. M. E. Carson, deceased. Other six children and heirs at law of Mrs. Carson were made parties defendant. The cause was at issue on the original bill, and depositions were taken in December, 1916. On January 13, 1917, defendants filed a cross-bill, to which original complainant, together with J. C. and T. L. Carson, were made parties defendant. On February 2d original complainant moved to strike the cross-bill, demurred thereto, and, without waiving his motion or demurrer, for answer denied "all the averments of facts therein." The circuit judge, sitting as chancellor, brought the cause on for hearing on February 17th, and on that day the parties to the original cause joined in a submission, the pleadings and the evidence on either hand being afterwards noted by the register. However, at that time J. C. and T. L. Carson, defendants in the cross-bill, had not been brought in, and cross-complainants, by formal motion lodged with the register and reproduced in the transcript of the record, objected to the submission on the ground that the cross-cause was not at issue and requested the court to grant them a reasonable time in which to take testimony on the issues sought to be raised by the cross-bill. The transcript shows an answer to the cross-bill filed by J. C. and T. L. Carson on February 20, 1917, and their answer is noted as of that date in the defendant's note of submission, which, as we have indicated, was dated as of the 17th of February. This discrepancy as to dates is explained by an affidavit and motion to strike original complainant's note of testimony, said affidavit and motion being made by counsel for cross-complainants (original defendants) and noted in the note of submission filed by them. In this way it appears that, when the cause was called for trial on February 17th, the court stated that the cause would be taken on submission as of that date; that the testimony might be noted afterwards; and the notes of testimony, though appearing in the transcript as of February 17th, were in fact prepared and signed by the register on the 23d of February. Appellants contend that the court erred in bringing on the hearing of the cause in the circumstances and in the manner thus appearing.

[1-3] The first insistence for appellants is that, apart from the alleged unpreparedness of the cause for trial, the court committed

error for that it brought on the cause for a final hearing at a time not fixed by law, without notice to cross-complainants (defendants) and against their objection. The jurisdiction and powers of the chancery court have been conferred on the circuit court, which tries and determines every cause or proceeding in equity according to the rules and principles formerly administered in the chancery court. Acts 1915, p. 279. The circuit courts are required to be open for the transaction of judicial business in the several counties of the state from the first Monday in January to and including the last Saturday in June of every year, and from the first Monday after the Fourth of July to and including the last Saturday before Christmas of every year, and "causes on the dockets for trial shall be called peremptorily at the times fixed by law and at such other times as may be fixed by order of circuit judge," etc. Acts 1915, pp. 707, 708, § 2. The only limitation upon the power of the judge to appoint a time for the holding of his court other than the times fixed by law, if any, is that it must be held within the times designated by the statute supra. Ex parte Branch, 63 Ala. 383. We have only to assume that the judge of the seventh circuit made an order fixing a time for the peremptory call of causes within which was included the 17th of February, 1917, and this assumption we indulge, nothing to the contrary appearing.

[4] In the next place it is urged that chancery rule 75 (Code, p. 1551) contemplates, provides in terms, that the parties must offer their testimony "on the hearing of a cause, * * * naming the witnesses and other testimony, of which the register must take a note," and that "any testimony not offered in this way, and noted by the register on the minutes, must not be considered as any part of the record, nor to be considered by the chancellor." The practice shown by the record tends to trouble, but, considering the purpose of the rule, the court does not think it a sufficient reason for a reversal of the decree in this cause. "It [the rule, supra] serves the purpose * * * of bringing to the chancellor's attention the evidence upon which the parties rely, and upon appeal to give this court indubitable information as to the evidence taken into consideration by the chancellor in arriving at the conclusion stated in his decree." Turner v. Turner, 193 Ala. 424, 69 South. 503. The decree recites a submission for final decree on the pleadings and the proof as noted by the register, and there appears no occasion to doubt that the note of testimony in this cause has fully served its purpose. An analogous question was so decided in the case last cited, and on the consideration stated we find no sufficient reason for holding that there was substantial error in the court's refusal to strike or set aside the submission.

[5] The averment that the lands described in the bill could not be equitably divided without a sale thereof was sufficient. Smith v. Witcher, 180 Ala. 102, 60 South. 391.

Upon an examination of the evidence this court is satisfied that the trial court correctly held that the land in controversy could not be equitably divided. There is no necessity for further statement on this point.

[6, 7] The statute (Code, § 3118) contemplates that a cross-bill shall be heard at the same time as the original bill, but it does not intend that a cross-complainant by failing or neglecting to prepare his cross-cause for hearing may indefinitely or unduly delay the submission of the original cause, and we must assume that the judge had good reason for bringing this cause to a final hearing notwithstanding the unreadiness of the cross-complainants. As it was, the cross-complainants failed to prove their bill, and so, without considering its alleged defects, it will suffice to say that there was no error in dismissing the cross-bill on final hearing.

[8-10] Relief was awarded in a decree ordering the sale of one-half of the land described in the bill as the property in which complainant and defendants owned undivided interests. The averment of the original bill was that complainant and defendants owned all of a described 80-acre tract of land; the answer denied this in a general way, and the proof showed without conflict that the parties owned the west half of the tract, and relief was granted as to the west half. In good practice the bill should have been amended; but the relief granted differed in degree only from the relief prayed. The difference could have affected only the evidence adduced to sustain the bill. Proof that an 80-acre tract is not capable of an equitable partition in kind is not proof that an included 40-acre tract may not be so divided. However, in this cause it was in the beginning of the proof-taking shown, and not disputed, that the parties owned only the 40-acre tract or strip of land which the decree ordered to be sold, and the proof as to the necessity of a sale for equitable division was directed specifically to this 40-acre tract or strip. In these peculiar circumstances the court is of the opinion that the decree should not be reversed on account of the difference between the relief prayed and that granted. Minchener v. Henderson, 181 Ala. 115, 61 South. 246.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

On Rehearing.

PER CURIAM. Application overruled. All the Justices concur, except McCLELLAN and THOMAS, JJ., who dissent.