(85 South. 297)
**CLIO BANKING CO. v. BROCK et al.**
**(4 Div. 821.)**

(Supreme Court of Alabama. Feb. 5, 1920.)

**1. Courts ⚞⚟123—May receive submissions of causes without written consent between the first Monday in January and last Saturday in June, and between first Monday after July 4 and Christmas.**

Under Acts 1915, pp. 707, 708, circuit courts are empowered to receive submissions of causes, whether in law or in equity, and to render judgments and decrees therein, at any time between the first Monday in January and last Saturday in June, and between the first Monday after July 4th and Christmas day, and that without the written consent of the parties required by Chancery Practice rule 79.

**2. Courts ⚞⚟123—No formal organization necessary for submission of causes.**

No formal organization of circuit court is necessary where causes are submitted by consent between the periods fixed for peremptory calls, and it is not necessary for the transcript to recite such an organization.

**3. Usury ⚞⚟69—Usury in mortgage prior to simulated settlements deducted on accounting.**

Where settlements were simulated and colorable merely by reason of some collusive understanding between creditor and third persons who successively loaned money to the debtor upon ostensibly new mortgage securities, but for and at the instance of creditor, the items of usury prior to or in such settlements may be eliminated from a present mortgage indebtedness to the creditor.

**4. Usury ⚞⚟113 — Burden of proof on one claiming.**

In an action to reopen a settlement and purge an account of usury, the burden is on the complainant to show to the reasonable satisfaction of the court that successive transactions with the creditor and others were not bona fide novations, but were in legal effect renewals of indebtedness to the creditor.

**5. Costs ⚞⚟148—Agreement as to reasonable attorney's fee binding.**

It was competent for the parties in a proceeding to reopen a settlement and purge an account of usury to agree upon 15 per cent. as a reasonable attorney's fee for defendant's attorney, and such an agreement on file is binding upon the parties.

**6. Appeal and error ⚞⚟908—Supreme Court may review matters of fact in absence of immaterial evidence.**

The Supreme Court may review issues of fact on appeal from a decree in a proceeding to reopen a settlement and purge the account of usury, although certain exhibits are omitted from the record, where it appears that such exhibits have no bearing on the issues of fact to be reviewed and determined.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill by C. J. Brock and another against the Clio Banking Company and others to reopen a settlement and purge the account of usury. From a decree for complainants the respondent bank appeals. Reversed and remanded, with directions.

McDowell & McDowell, of Eufaula, and George W. Peach, of Clayton, for appellant.

The attorney's fee was fixed by the agreement of counsel, and was binding. 97 Ala. 505, 11 South. 836. The accounts were no-

vated, and closed up in a bona fide manner, and cannot be now opened to be purged of usury. 200 Ala. 129, 75 South. 577. Counsel discuss other assignments of error, but without further citation of authority.

H. L. Martin, of Ozark, for appellees.

On the question of the usury involved, counsel cites 27 Ala. 258; 29 Ala. 703; 61 Ala. 69; 102 Ala. 614, 15 South. 238; 145 Mo. 445, 46 S. W. 1079; 64 Ala. 253; 139 Ala. 371, 37 South. 97; 39 Cyc. 997 et seq.; 112 Miss. 560, 73 South. 577. On these authorities, he contends that the decree should be affirmed.

SOMERVILLE, J. The final decree in this cause recites that it "was submitted by agreement of the parties in vacation," apparently, on November 23, 1917. The decree was rendered at chambers on February 19, 1918, and filed on the same day.

[1] Under our present judicial system, as established in 1915, circuit courts are empowered to receive submissions of causes, whether in law or in equity, and to render judgments and decrees therein, at any time between the first Monday in January and the last Saturday in June, and between the first Monday after July 4th and Christmas Day. Acts 1915, pp. 707, 708; Carson v. Sleigh, 201 Ala. 373, 78 South. 229. Since the court is not in vacation during those periods, but is open for the transaction of judicial business, the written consent of the parties required by Chancery Practice rule 79 (Code 1907, vol. 2, p. 1553) for submissions and decrees in vacation is unnecessary, and was properly dispensed with in this case.

[2] Under the present system, also, no formal organization of the court is necessary, where causes are submitted by consent between the periods fixed for peremptory calls; and it is not necessary for the transcript to recite such an organization. Indeed, such a recital would be false and inappropriate upon its face, and, ex necessitate rei, its omission from this transcript was proper.

As stated by counsel for appellant in brief, the decisive question to be determined on this appeal is whether the settlement made by the parties on January 31, 1910, was a bona fide settlement by which complainants' indebtedness to respondent and respondent's interest therein were completely extinguished by complainants' payment of the balance then agreed upon as due; or whether, on the other hand, that settlement was simulated and colorable merely, by reason of some collusive understanding between respondent and the Planters' & Merchants' Bank, of Ozark, and J. E. Z. Riley, and Mrs. Laura Kirkland, who successively loaned the money to complainants upon ostensibly new mortgage securities, but for and at the instance of respondent, in order to purge respondent's demand of its usurious elements—respondent remaining all the while the real creditor and beneficiary of the mortgage securities—so that the final transaction of February 3, 1916, by which complainants executed to respondent the last mortgage in suit, covering their previous indebtedness since January 31, 1910, and also the sum of $4,000 borrowed by them in 1914 to pay off Mrs. Kirkland's mortgage, was in effect as to that $4,000 but a renewal of the original usurious debt of January 31, 1910.

[3] This is the theory of the bill, and, if satisfactorily established by the evidence, it would require the elimination from the present mortgage indebtedness of all items of usury, even those prior to the settlement of January, 1910. The law of such cases was clearly stated and applied in the recent case of Blue v. First National Bank, 200 Ala. 129, 75 South. 577.

But in that case it was said that—

"If there had been a bona fide novation—a new debt created payable at a legal rate of interest to Scott [the alleged and proven dummy] for his use and benefit—and the novated debt had been transferred to the bank [the original creditor], the plea of usury could avail appellant nothing."

[4] The burden of proof is here upon complainants to show to our reasonable satisfaction that their successive transactions with the Ozark bank, with Riley, and with Mrs. Kirkland, were not in fact bona fide novations, but were in legal effect renewals of their original indebtedness to the respondent bank. It may be conceded that, in the absence of clear explanations and denials on the part of respondent and the several mortgagees named, complainants' contention would be sufficiently supported to warrant the relief prayed for.

But our examination of the evidence, especially the testimony of all the parties concerned, leads us to a contrary conclusion. We shall not indulge in a discussion of the testimony further than to say that we are convinced that complainants' transactions with the Ozark bank, with Riley, and with Mrs. Kirkland were bona fide novations, in which respondent was not concerned, and that respondent's loan of $4,000 to complainants in 1914, to pay off the Kirkland mortgage, did not operate as a renewal of the indebtedness of January, 1910, so as to open that indebtedness for usurious impeachment now.

Respondent concedes that there is usury in its account with complainants since January, 1910, and the decree of the circuit court will be reversed, and the cause remanded for a reference to the register for an accounting to ascertain the amount legally due to respondent, based upon transactions since the settlement of January, 1910.

[5] It was competent for the parties to agree upon 15 per cent. of the ascertained in-

debtedness as a reasonable attorney's fee for respondent's attorneys, and the written agreement on file is binding in that regard.

[6] The point is made by counsel for appellees that there can be no review of the case for a reversal of the decree on any issue of fact, for the reason that certain exhibits to the answer, as identified therein, and as referred to by several witnesses, do not appear in the transcript. Our examination of the transcript shows, however, that all of these exhibits (except Y) are in fact attached to the answer, being identified by their subject-matter, though not marked as alleged, and constituting a continuous statement of the items of account from December 30, 1905, to October 1, 1916. Y relates to items of account in 1908, and is not material.

Several exhibits are referred to in the testimony of A. C. Dillard, which do not appear in the record under the designations named. These describe mortgages or notes, or figures of accountings, made in 1914, or later, which have no bearing upon the issue of fact which we have reviewed and determined. All of those matters are open for future ascertainment on reference. Moreover, it does not appear from the note of testimony that any exhibits to Dillard's testimony were submitted to the trial court.

We recognize the soundness of the rule invoked by appellees, as affirmed in Jefferson v. Sadler, 155 Ala. 537, 46 South. 967, and other cases, but that rule is not applicable here.

Reversed and remanded, with directions.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.