(90 South. 497)
**FARRELL & BLANTON v. FARMERS' SAVINGS BANK.  (6 Div. 487.)**

(Supreme Court of Alabama.   Oct. 13, 1921.)

I. Appeal and error ⬯934(I)—Judgment presumed rendered at time allowed.

The judgment is presumed to have been rendered at a time allowed; nothing appearing in the record to the contrary.

2. Detinue ⬯16—No formal issue in writing between plaintiff and claimants necessary.

No formal issue in writing between plaintiff in detinue and claimants of the property need be filed; formality of pleading in that respect not being necessary, and the form of the issue resting largely in the court's discretion.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

The Farmers' Savings Bank brought detinue against one Luther Bailey for certain property, and Farrell & Blanton, a partnership, interposed claim thereto. There was judgment for plaintiff, and claimants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

F. D. McArthur, of Birmingham, for appellants.

Trial was had at a regular term in August, and the judgment not rendered until October, and this was error, as no consent is shown or given that verdict and judgment be rendered in vacation.   76 Ala. 418;  19 Ala. 319,

54 Am. Dec. 188.   The record nowhere discloses compliance with section 6040, Code 1907.   It is not shown that an issue was made up between the plaintiff and the claimant, and that each submitted proof as to the title and valuation of various items of property.   129 Ala. 424, 30 South. 667; section 6041, Code 1907.   Judgment in vacation, without consent of the parties is void.   58 Ala. 523;  12 Ala. App. 510, 67 South. 713.

Russell & Johnson, of Oneonta, for appellee.

Where the record shows that the proper issues were tried, appellant cannot avail on appeal of want of formal pleadings, or want of any pleas at all.   124 Ala. 332, 26 South. 890;  97 Ala. 240, 12 South. 88;  97 Ala. 141, 12 South. 86;  31 Cyc. 733.   The judgment was in all respects according to law.   Section 3781, Code 1907;  3 Ala. App. 607, 57 South. 143;  6 Port. (Ala.) 447.

GARDNER, J.   The Farmers' Savings Bank brought suit in detinue against one Bailey for recovery of certain personal property. Farrell and Blanton (appellants here) interposed their claim thereto, and from a judgment for the plaintiff upon the trial of this claim suit appeal in the instant case is prosecuted.

The cause was tried before the court without a jury, and the appeal is upon the record only; there being no bill of exceptions. The record shows the cause was tried at a regular term of the circuit court, and the judgment entry bears date October 6, 1920.

"Under our present judicial system, as established in 1915, circuit courts are empowered to receive submissions of causes, whether in law or in equity, and to render judgments and decrees therein, at any time between the first Monday in January and the last Saturday in June, and between the first Monday after July 4th and Christmas Day."   Acts 1915, pp. 707, 708;  Clio Banking Co. v. Brock, 204 Ala. 57, 85 South. 297.

[1] The insistence (the merits of which we need not consider), that the cause was submitted during term time and judgment rendered at a later date in vacation, is not supported by the record. Nothing appearing to the contrary, the entire regularity of the proceedings is to be assumed.   Carson v. Sleigh, 201 Ala. 373, 78 South. 229.

[2] The judgment entry recites that issue was "joined on the claim made by the claimants to the property heretofore levied on in this case," and the fact that formal issue in writing does not appear to have been filed is of no consequence.   Formality of pleading is not required in cases of this character, and the form of the issue pre

sented rests largely within the discretion of the court. Millitello v. Roden Gro. Co., 190 Ala. 675, 67 South. 420; Warren v. Liddell, 110 Ala. 232, 20 South. 89.

The alternate value of each article sued for and recovered was assessed by the court as disclosed in the judgment, and it is not made to appear that claimants were in any manner deprived of the right to controvert the value of the separate articles if so desired. The assignment of error to this effect is without merit.

We find no error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.