(82 South. 526)

FRAZIER v. STATE.    (2 Div. 695.)

(Supreme Court of Alabama.    June 30, 1919.)

INTOXICATING LIQUORS ⬦═250—FORFEITURE OF VEHICLES—SUFFICIENCY OF EVIDENCE.

In a proceeding by the state for the condemnation of an automobile alleged to have been used for the illegal conveying of prohibited liquors under Acts 1919, p. 13, § 13, evidence *held* insufficient to show that the automobile had been used, or was being used, at the time of the seizure, for the purposes alleged.

Thomas, J., dissenting.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Petition by the State for the condemnation of an automobile alleged to have been used in illegal transportation of whisky, to which John Frazier was made respondent. From a decree condemning the automobile, respondent appeals. Reversed and rendered.

The evidence showed that the sheriff and certain other persons found a still in the northern part of Bibb county, and that later on they saw John Frazier there, and that he ran away from the still, but was later caught, and that they found the car in question about a mile away from where the still was, but that no whisky was found in the car. It was shown further that Frazier stated at the still that morning that he was there after whisky, and said that, "if they had made the run the night before, we would not have caught him there that morning."

It appeared that John Frazier owned the car, that he lived at Johns in Jefferson county, and that he was there to buy whisky.

Judge, Roe & Charlton, of Birmingham, for appellant.

J. Q. Smith, Atty. Gen., for the State.

---

⬦═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
¹ 201 Ala. 607.

PER CURIAM. Section 13 of the act of 1919, p. 13, in providing for the seizure and forfeiture of vehicles, says, "which have been or are used for the illegal conveying of prohibited liquors or beverages." The proof in this case fails to show that the automobile in question had been used or was being used at the time of seizure in illegally conveying liquors or beverages so as to bring it under the forfeiture provision of the statute. The decree of the circuit court is reversed, and one is here rendered dismissing the state's petition.

Reversed and rendered.

All the Justices concur, except THOMAS, J., who dissents.