(85 South. 749)

ONE BLACK MULE et al. (LEE, Claimant) v. STATE. (7 Div. 87.)

(Supreme Court of Alabama. June 30, 1920.)

1. Intoxicating liquors ⊂⇒246—"Appliance" used in the manufacture of liquors held not to extend to wagon, mule, and harness.

Acts 1919, p. 12, § 12, providing for condemnation by the state of all "appliances" used in the manufacture of prohibited liquors, held not applicable to mule, wagon, and harness; an "appliance" being a mechanical thing, a device, or apparatus.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appliance.]

2. Intoxicating liquors ⊂⇒251—Wagon and mule of another used by owner of distillery not subject to condemnation.

Acts 1919, p. 12, §´12, providing that owner of distillery shall forfeit all property used in connection with such distillery, held not to authorize condemnation of wagon and mule owned by claimant, who did not own and who had no connection with the distillery, but who had merely permitted owner of distillery to use wagon and mule.

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Bill by the State of Alabama to condemn One Black Mule, One Wagon, and One Set of Single Harness, because used in the manufacture of prohibited liquors, with intervention by John Lee, as a claimant of said property. From a decree condemning said proper-

ty, claimant appeals. Reversed and remanded.

L. L. Saxon, of Columbiana, for appellant.

The evidence was not sufficient to show that the property had been or was being used with the knowledge or consent of the owner in the manufacture of prohibited liquors. Acts 1919, pp. 12 and 13; 203 Ala. 276, 82 South. 526.

J. Q. Smith, Atty. Gen., for the State. No brief reached the reporter.

SAYRE, J. In this case the state sought to condemn one black mule, one wagon, and set of harness, which had been seized by the sheriff, on the ground, to quote the petition, that the same, "at the time of their seizure of same as aforesaid, was being used or had shortly before the seizure been used in connection with the illegal distilling, making, or manufacturing of alcoholic, spirituous, malted, or mixed liquors." The proof showed without dispute that the mule, wagon, and harness had been seized by a deputy sheriff in an old road about 200 yards from a still which was then in operation, and that at the time there were in the wagon 12 five-gallon tin cans and 2 two-gallon cans, .all which were new and had never been used. The evidence tended to connect Tom Lee and one Oates with the operation of the still and the use of the wagon. Evidence to the effect that the mule was the property of John Lee, brother of Tom, and that John had let Tom have the use of the mule while he (John) was off at work on the railroad, was not disputed.

The state's petition for condemnation did not proceed under section 13 of the act (Act Jan. 25, 1919, pp. 6, 13), nor, under the proof and the decision in Frazier v. State, 82 South. 526,[1] could it have been maintained under that section.

[1] Manifestly the effort was to condemn under section 12 of the act. That section provides that—

"All appliances which have been used or are used or ready to be used for the purpose of distilling or manufacturing any prohibited liquors, or beverages, are hereby declared to be contraband," etc.

An appliance is a mechanical thing, a device, or apparatus. Consideration of the nature of the charge against this mule compels us to acquit him, or it, of being used or capable of use as an appliance in the distilling or manufacturing of liquor. As much may be said to the credit of the wagon and harness. Such things are condemned by section 13 of the act, which disposes of animals, vehicles, and harness employed in the "illegal transportation" of "prohibited liquors or beverages," and the reason why there was no

effort to apply the condemnation of that section, and why it could not be applied, is indicated in the plain language of the statute and in the case to which we have referred.

[2] Nor could these articles of personalty be condemned, under the further language of section 12, which provides for the forfeiture of "all property used in connection with said illegal plant," for the reason that the prescription of the act is that the "owner of said distillery or plant" shall forfeit, etc., and it was not pretended in this case that the claimant, John Lee, was the owner of the plant or had any connection with it. At least there was no evidence to that effect.

It results that the court erred in condemning the property.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.