(89 South. 609)
**CAREY et al. v. STATE ex rel. ALMON.**
(8 Div. 313.)

(Supreme Court of Alabama. May 12, 1921. Rehearing Denied June 30, 1921.)

1. Intoxicating liquors ⟨⟩245—Statute concerning forfeiture of automobile carrying liquor strictly construed.

Act Jan. 25, 1919 (Gen. Acts 1919, p. 13) § 13, permitting condemnation and forfeiture to the state of automobile used in transportation of intoxicating liquors, is highly penal and should be strictly construed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. **Intoxicating liquors** ☜247—No "conveyance" of intoxicating liquor by automobile standing still.

A bill charging that automobile was near station, and defendants brought suitcases from train containing intoxicating liquor and placed them in the automobile, and that immediately the car and whisky were seized, did not allege a conveyance of intoxicating liquors, within the meaning of Act Jan. 25, 1919 (Gen. Acts 1919, p. 13) § 13, permitting condemnation and forfeiture to the state of an automobile used in conveying intoxicating liquors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conveyance.]

Gardner, Somerville, and Thomas, JJ., dissenting

Appeal from Circuit Court, Morgan County; Robt. C. Brickell, Judge.

Bill by the State of Alabama, on the relation of T. C. Almon, against Walter Carey and others, to condemn an automobile because used in transporting prohibited liquors. From a decree overruling demurrers to the bill as amended, respondents appeal. Reversed, rendered, and remanded.

Wert & Hutson, of Decatur, for appellants.

Section 13, Acts 1919, require before condemnation that the conveyance be used to convey prohibited liquors from one point to another, and the statute, being highly penal, must be strictly construed, and, when so construed, the bill as amended fails to show a violation of the law. 34 App. Div. 399, 54 N. Y. Supp. 307; 15 U. S. (2 Wheat.) 119, 4 L. Ed. 199; 114 U. S. 196, 5 Sup. Ct. 826, 29 L. Ed. 158; 47 S. C. 101, 25 S. E. 46.

Harwell G. Davis, Atty. Gen., and Henry P. White, Asst. Atty. Gen., for appellee.

The statute includes, in the use of the words "used for," not only the actual use, but the intention, purpose, and final cause or object of such use. See any dictionary and also Acts 1919, p. 17, § 19; (D. C.) 154 Fed. 516; (C. C.) 191 Fed. 216. Although the statute is highly penal, it could be construed naturally, and not so strictly as to defeat the obvious purpose of the legislation. Cedric on Statutory Construction, 282; 134 U. S. 624, 10 Sup. Ct. 625, 33 L. Ed. 1080; 62 Ala. 197; 29 Ala. 40; 25 Ala. 221; 18 Ala. 687; 203 Ala. 276, 82 South. 526; 105 Ala. 18, 16 South. 795, 53 Am. St. Rep. 97; 8 Port. 519; 89 Ala. 52, 7 South. 413; 72 Ala. 14; 15 Ala. App. 146, 72 South. 686.

MILLER, J. The bill of complaint seeks to have condemned and forfeited to the state an automobile under section 13 of an act approved January 25, 1919. Gen. Acts 1919, p. 13.

The bill as amended charges that this automobile was near the station of the Louisville & Nashville Railroad, on May 12, 1919, in Decatur, Morgan county, Ala. The defendants brought from the train two suit cases, containing 24 quarts of whisky each, and placed them in the car. Immediately the car and the whisky were seized, and the defendants arrested, by an officer of the law. The car was not moved, after the whisky was placed in it, before both were seized and the defendants arrested.

The bill avers that the car was there to be used, and the defendants intended to use it to illegally convey said whisky from one point in Morgan county, Ala. to another point therein, and that the defendants owned and were in possession of the car.

[1] This is a highly penal statute. It must be strictly construed. It allows an automobile which has been or is used for the illegal conveying of any prohibited liquors or beverages from one point in the state to another point within the state by the owner to be contraband and forfeited, when the bill alleges and the proof shows it.

[2] This bill as amended avers that these defendants owned the car; it does not aver that the car had been used by them for the illegal conveying of prohibited liquors from one point in the state to another point in the state. Does it aver that the car is used for the illegal conveying of prohibited liquor from one point in the state to another point in the state? This is essential. It must be clear in the bill and clear in the proof, to get the condemnation of the court and forfeiture to the state of this car. The car is standing still; defendants place the whisky therein; it is not moved therafter before the car and whisky are seized and the defendants arrested by an officer of the law. The whisky is not conveyed in the car; the whisky is not transported in the car by them, or either of them. The car is not moved by either defendant from one point to another point with the whisky. It is stationary. The car must be used in illegally conveying the whisky from one point to another before it can be forfeited. There can be no conveying or transporting by a car of whisky without some movement of the car. There can be no conveying or transporting of whisky by a car from one point to or toward another point in Alabama, without any movement of the car. Gen. Acts 1919, p. 13, § 13; Frazier v. State, 203 Ala. 276, 82 South. 526; Molton v. State, 105 Ala. 18, 16 South. 795, 53 Am. St. Rep. 97.

The demurrers of respondents to the bill of complaint as amended should have been

sustained, and decree to that effect is rendered by this court.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN, and SAYRE, JJ., concur.

GARDNER, J. (dissenting). Notwithstanding the bill alleges that the defendants, who owned and were in possession of the automobile, placed two suitcases, containing 24 quarts of whisky each, in the car, which was to be used, and which the defendants intended to use, for the purpose of illegally conveying said whisky from one point in Morgan county to another point therein, yet the majority opinion holds that the bill was subject to demurrer and states no cause for condemnation for the sole reason that it did not appear the car had moved.

The case of Frazier v. State, 203 Ala. 276, 82 South. 526, is cited, but in that case no whisky was placed in the car. The case of Molton v. State, 105 Ala. 18, 16 South. 795, 53 Am. St. Rep. 97, concerned a prosecution for larceny. Neither of these cases, in my opinion, are here in point.

The court has here applied the strict rule of construction, and so, construing section 13, held that the bill shows the car was not used, because it fails to show a movement thereof. All rules of construction, after all, are merely for the purpose of ascertaining the intent; and, whether a strict or liberal rule be applied, I am unable to see how one reading the provisions of the act of 1915 (Gen. Acts. 1915, p. 8) and those of the act of 1919 for the purpose of suppressing the evils of intemperance (and these acts should be construed in connection one with the other, as held in State v. Merrill, 203 Ala. 686, 85 South. 28) can seriously doubt that the Legislature fully intended that a car in which prohibited liquors had been placed for the purpose of transportation from one point to another in the state should be subject to condemnation, whether it moved or not. So strict and narrow a construction as here applied was attempted to be avoided by the Legislature, as disclosed in section 37, p. 8, of the Acts of 1915, wherein it was expressly provided that the provisions thereof should be liberally construed, so as to accomplish the purpose of suppressing the evils of intemperance, and section 19 of the act of 1919 discloses that this act is supplemental to the act of 1915.

The decision in this case has injected a new issue into the condemnation statute. Had there been one revolution of the wheels of the car or even the slightest movement, as I understand the majority view, then its condemnation could have been effected. The prohibition laws disclose a purpose on the part of the Legislature that there should be much vigilance on the part of the law-enforcing officers, and yet under this decision such officers may see an automobile loaded with prohibited liquors, but must stand by and await its seizure until it begins to move. The condemnation section of the act includes all conveyances and vehicles of any kind, "whether on the waters of the state, under the water, on land, or in the air." Should an officer charged with the enforcement of this law see prohibited liquors stored in an aeroplane, under this decision, he is not permitted to seize it for the purpose of condemnation until its movements have begun, at which time it may be safe to say the seizure could scarcely be effected. Like illustrations are applicable as to boats upon the waters of the state.

Certainly it cannot be gainsaid that every section of the prohibition laws, both of 1915 and 1919, indicate a determined purpose on the part of the Legislature that no guilty agency shall escape, and yet, in my humble opinion, this decision leads to just that opportunity. To my mind, it is very clear that when the prohibited liquors were placed in the car for the purpose of being carried from one point in Morgan county to another, as alleged in this bill, that car was then being used for that purpose at that very time, and comes within the meaning of the language of section 13 of the act of 1919.

I think the bill was entirely free from objection, and respectfully dissent.

SOMERVILLE and THOMAS, JJ., concur herein.