(92 South. 548)

## STATE ex rel. ALMON v. ONE BLACK HORSE MULE (DOBSON, Claimant).
### (8 Div. 425.)

(Supreme Court of Alabama.   April 6, 1922.)

1. **Intoxicating liquors** ⬤⟹**246—Domestic animal not "vehicle of transportation" or "conveyance."**

A domestic animal, unattached to a vehicle or a conveyance, is not a "vehicle of transportation" or a "conveyance," under Act Jan. 25, 1919, § 13 (Gen. Acts 1919, p. 13), and subject to condemnation and confiscation because used to transport prohibited liquors on the animal's back.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conveyance; Vehicle.]

2. **Statutes** ⬤⟹**241(1)—Penal statutes strictly construed.**

Highly penal statutes are strictly construed.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Bill by the State of Alabama on the relation of D. C. Almon, Solicitor, to condemn one black horse mule, because used in the transportation of prohibited liquor, with claim to same by P. T. Dobson. From a decree dismissing the bill, complainant appeals. Affirmed.

Harwell G. Davis, Atty. Gen., and Bernice S. Osgoode, Asst. Atty. Gen., for appellant.

The mule on whose back prohibited liquors were being transported comes clearly within section 13 of the Bone Dry Law. 112 Ala. 654, 21 South. 344, 36 L. R. A. 615; 13 C. J. 896; 39 Cyc. 1125; Webster's Unabridged Dictionary.

R. E. Smith, of Huntsville, for appellee.

A mule is neither a vehicle nor a conveyance, within the meaning of Acts 1919, p. 6, § 13. 87 South. 842; 204 Ala. 440, 85 South. 749; 206 Ala. 351, 89 South. 609.

McCLELLAN, J. [1] This appeal by the state ex rel. presents the single question whether a domestic animal, unattached to a vehicle or conveyance, is a "vehicle of transportation" or a "conveyance," within the contemplation of section 13 of the act, approved January 25, 1919 (Gen. Acts, pp. 6, 13), and subject to condemnation and confiscation because employed to transport prohibited liquors on the animal's back.

[2] The rule is that highly penal statutes like this shall be strictly construed. Carey v. State (Ala. Sup.) 89 South. 609;[1] One Ford Auto v. State, 205 Ala. 193, 87 South. 842. It is clear, we think, that the Legislature did not intend to include domestic animals, unattached to a vehicle or conveyance, among the objects of the statute's condemnation. That the lawmakers did not intend the words "conveyances" or "vehicles of transportation" to include, in the statute's condemnation, domestic animals, when unattached to a vehicle or conveyance (in the usual, ordinary significance of that term) is made manifest by the introduction of this provision: "Including any animals that may be hitched to any vehicle so illegally used." In line 13 of section 13 the further description of the vehicles or conveyances authorized to be seized are those which are known or are found to contain forbidden liquors. The phrase "such vehicle, animal, or property," as employed in the thirty-sixth and thirty-seventh lines of section 13, refers alone to the description given in the first provisions of the section of the subjects of the statute's proscription.

The trial court correctly decided, in ruling on demurrer to the bill or petition, that the animal sought to be condemned was not within the intent or terms of section 13 of the act cited.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 206 Ala. 351.