(108 So. 246)

## CARTER GUARANTY CO. et al. v. STATE. (8 Div. 818.)

(Supreme Court of Alabama. April 15, 1926.)

I. Intoxicating liquors ⟐251 — Where there was no evidence noted by register as required by rule, there was no evidence to support decree of forfeiture of automobile and dismissing a claim (chancery court rule No. 75; Code 1923, §§ 4778, 4779).

In petition under Code 1923, § 4778, to forfeit an automobile used for illegal transportation of whisky, in which claimant intervened under section 4779, where there was no evidence noted by register as required by chancery court rule No. 75, there is no evidence supporting decree dismissing the claim and forfeiting the property, and it will be reversed.

2. Equity ⟐356.

Rule of chancery court No. 75, requiring that evidence be noted by the register, is mandatory.

3. Intoxicating liquors ⟐251—Burden was on petitioner to make prima facie case for condemnation of automobile before claimant was required to prove superior right (Code 1923, §§ 4778, 4779).

In view of Code 1923, §§ 4778, 4779, in petition to forfeit automobile engaged in transportation of whisky, burden was on petitioner to make out prima facie case for condemnation before claimant was required to offer proof of superior right.

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Post, p. 620.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill of the State of Alabama, on the relation of its Solicitor for the Ninth Judicial Circuit, for condemnation of an automobile used in illegal transportation of prohibited liquor, and intervention of claim by the Carter Guaranty Company and others. From a decree for complainant, claimants appeal. Reversed and remanded.

Proctor & Snodgrass, of Scottsboro, for appellants.

Harwell G. Davis, Atty. Gen., for the State.

In view of the decision, it is not necessary that briefs be here set out.

MILLER, J. This is a bill or petition in equity by the state through its solicitor to have forfeited and sold a Ford automobile, alleged to have been seized by the sheriff, or his deputies, of Jackson county, while being used in the illegal transportation of 60 gallons of whisky from one point to another point in Jackson county, Ala. It is filed as is permitted under section 4778 of the Code of 1923. The Carter Guaranty Company, a corporation, intervened by petition, claiming a superior right to this automobile, and desiring to have its claim to it adjudicated as the statute permits. Section 4779, Code of 1923.

The court by decree held complainant entitled to the relief it seeks, dismissed the claim of the Carter Guaranty Company to it, and ordered the automobile condemned and sold as contraband. The claimant appeals, and this decree is the error assigned.

[1-3] The court erred when by decree it granted the petition, dismissed the claim of the claimant and ordered this automobile condemned and sold without a note of testimony being in the cause. There is no evidence noted by the register as is required by rule 75 of the chancery court. This being true, there is no evidence to support the decree. This rule 75 is mandatory. It was not observed by either party. The parties ignored this rule. Neither the petitioner nor the claimant filed a note of testimony. This decree must and will be reversed, because there is no note of testimony in the cause. There is therefore no evidence on which the decree can be sustained, and the burden was on petitioner to make out a prima facie case for condemnation before the claimant was required to offer his proof of a superior right to the car. Hymes v. State, 95 So. 383, 209 Ala. 91; Crews v. State, 89 So. 205, 206 Ala. 101; Beck v. Burchfield, 88 So. 417, 205 Ala. 486; Equitable Credit Co. v. State, 102 So. 803, 212 Ala. 407; Cherry-Ellington Auto Co. v. State, 98 So. 389, 210 Ala. 469; Carey v. State, 89 So. 609, 206 Ala. 351.

The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.