(122 So. 638)

### KELLEY v. STATE. (6 Div. 241.)

Supreme Court of Alabama. May 30, 1929.

Prosch & Prosch, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BOULDIN, J. Appeal from decree condemning an automobile because of its alleged use in the transportation of prohibited liquors.

A claim was interposed by C. E. Kelley, as owner, denying that the car was used in the transportation of such liquors.

The sole testimony was that of W. S. Adams as follows: Responding to a call on Eleventh avenue between Twenty-First and Twenty-Second Streets North, witness went over there; found Kelley lying on the back seat of the car drunk; one Winfrey had one knee on the car door and the other foot on the running board; a woman with clothes disarranged was sitting on the front seat; a pint of whisky was lying on the seat beside her; a girl was sitting also on the front seat crying. All parties were arrested. Winfrey pleaded guilty to violation of the prohibition law. Kelley was acquitted of that offense, but convicted of public drunkenness.

This evidence is quite omissive. It does not even show where the car was at the time; whether on the premises of the owner, parked on the highway, in a garage, or other place of storage. It shows the car was the scene of an unseemly drinking party at the time, but nothing to indicate whether the party had been driving in the car or were about to do so.

In condemning the car, the trial court seems to have proceeded on the theory that the finding of a pint of whisky lying by the woman on the front seat of the car raised a prima facie presumption that the car was being used or had been used in the transportation of prohibited liquors.

This brings us, for the first time we believe, to consider the 1927 amendment of the condemnation statute. Code, § 4778; Gen. Laws 1927, p. 715. The amendment consists in adding to the statute the following: "And, in order to condemn and confiscate any of the above mentioned vehicles or animals, it shall not be necessary for the state to show any actual movement of said vehicles or animals while loaded with any of said prohibited liquors or beverages."

What is the effect of this amendment? The original statute had been construed in Carey v. State, 206 Ala. 351, 89 So. 609. That case arose on the sufficiency of a bill for condemnation. It alleged that defendants brought from the train two suitcases containing 24 quarts of whisky each, and placed them in the car; that the car was there to be used and intended to be used in conveying the whisky from one point to another. The car was seized before it moved. Held that under the statute, penal and strictly construed, the car did not become contraband until it actually moved in the transportation of liquors.

In a vigorous dissenting opinion by Mr. Justice Gardner, it was pointed out that the statute declares its provisions shall be liberally construed so as to accomplish its purpose, the suppression of the evils of intemperance, and, speaking for the minority, held that a car into which liquors were loaded for transportation from one point to another was within the intent of the act, whether it moved or not; that such car was being then used in transportation. Further commenting on the majority opinion in the light of vigilance required of enforcement officers, Judge Gardner further said: "Under this decision such officers may see an automobile loaded with prohibited liquors, but must stand by and await its seizure until it begins to move"—and further argued this may in many cases be too late.

The amendment above quoted was evidently intended to meet the majority decision in the Carey Case, supra, and to write the views of the minority into the law.

This is evident, in that the facts of that case are virtually written into this amendment. No "actual movement" necessary, if "loaded" with such liquors for transportation. The car is deemed in use for such purpose from the time it is loaded until it is unloaded. The contraband liquors are considered in transit from the time they are loaded on the car. The term "loaded" has no reference to the quantity of liquors. The car is subject to condemnation because used in transporting a pint the same as if loaded to capacity. "Loaded," in this amendment, means loaded for movement.

We do not think this amendment creates a presumption that every car found with a pint of liquor in it is subject to condemnation. The statute does not deal with presumptions. ▉ In the Carey Case the state averred the liquor was loaded on the car for transportation; the state accepted the burden of proving such fact. True, it may be proven by circumstances as other facts.

If found in a vehicle, a means of conveyance, in such quantities and in such containers as to lead to a natural inference that it was there to be transported, or if the time and place or other circumstances warrant a reasonable inference that it has been transported to the place found in the car or is there to be transported, the state's case is made out.

▉ This court has given our prohibition statutes such construction as to carry out the legislative intent, a construction exacting diligence of the owner whose car has been caught transporting liquor. A further presumption that the car is so used, thus, in effect, imposing on him the burden of proving his innocence, is so out of harmony with our notions of justice and freedom, as not to be indulged unless the intent is clear and the presumption created does not infringe upon constitutional rights.

Thousands of cars, stored in public or private garages, parked on parking grounds, or at public gatherings night and day, or even along the curb while the owner is about his own business, might become the subject of seizure because of the wrongdoing of others, putting many innocent citizens to expense, inconvenience, and humiliation in establishing their innocence.

▉▉ We hold the burden is on the state to show the car was used in transporting liquors as defined in the amended statute. This burden was not met by the incomplete evidence in this case. This car may or may not be subject to condemnation.

The decree will therefore be reversed, and the cause remanded that the facts may be properly developed and a decree rendered accordingly.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.