(125 So. 655)

## MORRIS et al. v. STATE. (6 Div. 332.)

Supreme Court of Alabama. Jan. 16, 1930.

Williams & Chenault, of Russellville, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

FOSTER, J. ■ A Ford car was condemned for sale, for that it was used for the illegal conveyance of prohibited liquors. Appellant Morris claims that it was not so used. He states, however, that he was driving along a highway in Alabama, and stopped and bought a quart of liquor, which was in a quart fruit jar, took a drink, put the jar in his pocket, and then got in the car and drove off. He claims that he had the liquor in his pocket until the officers stopped him, and then handed it to his wife, who was sitting by him, and she put her coat over it in her lap, where the officers found it. The officers testified that it was on the seat between appellant Morris and his wife. They had followed the car some distance as it ran along the highway. Appellant Morris contends that the car was not "used for the illegal conveying of any prohibited liquor" within the meaning of section 4778, Code, because it was upon his person or that of his wife all the time, and was not touching the car itself.

We cannot agree with this contention. The car is used for illegally conveying prohibited liquor if it is in or on the car and is being intentionally conveyed by its movements, though it is upon the person of an occupant of the car while he is conveyed by it.

The amount is not material. This court has held that the "term 'loaded' has no reference to the quantity of liquors. The car is subject to condemnation because used in transporting a pint the same as if loaded to capacity." Kelley v. State, 219 Ala. 415, 122 So. 638, 639.

■ We are also constrained to agree with the circuit court as to the good faith of the mortgage claimed by O'Reilly, who also has appealed. The mortgage, though dated in August before the seizure in November, was neither witnessed nor recorded. The note is witnessed by one Atkins, but he did not testify in the case. The wife of appellant Morris testified vaguely that it was executed at about or before the time of the seizure. O'Reilly and Morris were business partners, and the car was used in the conduct of the business. The partnership paid for the repairs. Morris had bought and paid for the car, but he claimed to owe O'Reilly an amount equal to one-half of the cost of plumbing furnished by the firm for use in his house. We agree with the circuit court that O'Reilly has not borne the burden which the law puts upon him to show a valid claim or ownership. His petition shows that he claims to be sole owner of the car, but Morris testified that his only claim was the mortgage, and that it had never been foreclosed.

The decree of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.