(128 So. 735)

**PARRISH v. STATE.**

**6 Div. 515.**

Supreme Court of Alabama.

May 29, 1930.

Prosch & Prosch, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

### SAYRE, J.

The case for condemnation of the automobile was that officers saw the owner reach into the automobile, take out a bottle of whisky, and walk away with it until they took him into custody. No witness saw the automobile move.

The order of condemnation evidently was based on the amended section 4778 of the Code (Acts 1927, p. 715), the concluding sentence of which reads as follows: "And, in order to condemn and confiscate any of the above mentioned vehicles [including automobiles] or animals, it shall not be necessary for the state to show any actual movement of said vehicles or animals while loaded with any of said prohibited liquors or beverages." We have quoted the amendment. The effect of the amended statute is to work a confiscation of any vehicle, or animal, into or upon which any prohibited liquor or beverage has been loaded for transportation, whether transported or not. The purpose of the amendment is to meet and obviate the decision in Carey v. State, 206 Ala. 351, 89 So. 609, where it was decided that there could be no conveyance of intoxicating liquor by an automobile standing still. The effect of the amended statute is to denounce, and punish by forfeiture of animal or vehicle, the placing on any animal, or in any vehicle, intoxicating liquor or beverage for transportation. We find no sufficient reason for declaring the amended statute to be without the power of the Legislature, nor any such reason for holding that, in the absence of peculiar circumstances of which in this case there was no evidence, the court may not infer the purpose to transport from the presence of intoxicating liquors or beverages in a vehicle designed peculiarly, if not exclusively, for the transportation of persons and things. The evidence was in conflict as to whether the whisky in this case was ever in the automobile, but that conflict presented a question of fact to be decided by the court, and we are far from finding that in this respect the court erred.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.