## HARROD v. STATE.

4 Div. 642.

Supreme Court of Alabama.

Dec. 22, 1932.

J. L. Giddens, of Troy, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BOULDIN, J.

The appeal is from a decree in equity condemning an automobile, the property of respondent, J. G. Harrod, because of its use in the transportation of prohibited liquors.

The sole testimony in the record discloses that a police officer of the city of Troy found the car parked on the side of a street, between 8 and 9 o'clock at night, on the 18th of October, 1931; that Harrod was on the front seat of the car asleep; that Mr. Spear was lying on the back seat asleep; that a pint bottle about two-thirds full of whisky was found on the back seat behind Mr. Spear.

This evidence did not justify a condemnation of the car. There is no evidence that the car ever moved with the whisky, or that it was put in the car to be transported. Whose it was, when and where it was brought into the car, or how long the car had stood there, no evidence discloses. That the parties were drinking in the car is easily inferable, but the whisky being there for such purpose was no cause for condemnation.

The case is governed by Kelley v. State, 219 Ala. 415, 122 So. 638. See, also, Carter Guaranty Co. v. State, 214 Ala. 432, 108 So. 246.

We find in the record the following: "Note: By order of Respondent's attorney, the Respondent's testimony was not transcribed."

If this were a case at law, this would indicate there was evidence before the trial court not presented to this court, and in such case the conclusion of the trial court on the evidence would not be reviewed. But this is a proceeding in equity.

No evidence for respondent was noted on the submission. The only note of testimony appearing in the record is that of the state; and this notes only the testimony of the state's witnesses, which we have reviewed above.

Proceedings of this character are governed by Equity Rule 75.

The trial court could consider only testimony noted as required by this mandatory rule. Crews v. State ex rel. Patterson, Solicitor, 206 Ala. 101, 89 So. 205; Jones v. Moore, 215 Ala. 579, 112 So. 207.

It follows the decree must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.