145 So. 446

## DREYER v. VAUGHN.

### 6 Div. 220.

Supreme Court of Alabama.

Jan. 12, 1933.

Wm. F. Spencer, of Birmingham, for appellant.

T. A. Murphree, of Birmingham, for appellee.

KNIGHT, J.

It is made to appear from the bill in this cause that complainant, appellee here, is the owner of lot 18, block 8, first addition to South Highlands, in Jefferson county, Ala. This lot adjoins lot 17, in same block on west. This latter lot was, and is, owned by Henry C. Dreyer, or by said Henry C. Dreyer and his wife, Wilma C. Dreyer, the appellant, jointly as tenants in common. Complainant erected a dwelling house on his lot, but prior to that time the said Henry C. Dreyer had also erected a dwelling on lot 17, and actually resided therein at the time the proceedings hereinafter referred to were instituted. The said Henry C. and Wilma C. Dreyer were husband and wife.

The complainant constructed a driveway along the west margin of his lot, extending from Twenty-Fifth street through to the rear of his dwelling. This driveway was constructed of cement, and was used by complainant for passage of trucks and vehicles in carrying coal to the cellar under his house, where coal was stored for use in his furnace. It was his only way of ingress for vehicles in supplying coal for the furnace. This driveway, after its construction, was used by complainant for about one year, when the respondent Henry C. Dreyer, claiming to own lot 17, over the protest and remonstrances of complainant, tore up and destroyed a strip of this driveway, along the west margin of the same, extending from Twenty-Fifth street back to the rear of complainant's residence, and erected a wall, "extending back from Twenty-Fifth street and South to the alley upon the lot of complainant, approximately 3 7/10 feet to the east of complainant's property line as facing on Twenty-Fifth street and proximately 5 33/100 feet east of the property line of complainant's lot on the rear or adjacent to the alley; that said wall varies in

height from 5 and $81\frac{1}{100}$ feet to the rear to 9 or 10 feet as it extends north toward Twenty-Fifth street. That said wall is constructed of rocks and embedded in cement and mortar."

It is further averred in the bill that a few days after said wall was constructed, due to a dispute between the said Henry C. Dreyer and other property owners as to the eastern boundary line of said lot 17, the complainant and others filed a bill under the statute, in the circuit court of Jefferson county, in equity, against the said Henry C. Dreyer, to have the court establish, by decree, the boundary lines of properties of the complainant, the respondent Dreyer and others. The original bill in that cause, with the amendment thereto, the answer of the respondent Henry C. Dreyer, the decree of the court in the cause, together with the survey and report of the county engineer establishing the lines between said lots 18 and 17, and the order confirming said survey and report, were made a part of the bill in this cause.

The decree in said first cause, in confirming the report of the engineer, established the correctness of complainant's contention as to the true line between said lots 18 and 17, and that said Dreyer had encroached upon complainant's lot, and that said wall was, in fact, upon complainant's property.

After that decree was entered, the said Dreyer, upon demand of complainant, refused to remove the wall. It was then, for the first time, that the appellant, Wilma C. Dreyer, wife of said Henry C. Dreyer, was brought forward as an owner of a one-half undivided interest in said lot 17. And it is further averred in the bill that the said Wilma C. Dreyer testified on the trial of the first case, as a witness for her husband and never disclosed that she owned any interest, in her own right, in said lot 17, and never in fact made any assertion of ownership to any part of the lot until some time after the rendition of the decree, and her husband was called upon to remove the wall.

The present bill is filed against both Mr. and Mrs. Dreyer, and prays an injunction or some other mandatory order, requiring and directing the respondents to remove the said wall, or to restrain them from interfering with the complainant, his agents or servants, in removing the same. The bill also prays for the assessment of complainant's damages, sustained by him by reason of the construction and maintenance of said wall, and for general relief.

So far as the prayer for the ascertainment of damages is concerned, this calls for no consideration here, as the court in its final decree denied any such relief to complainant, remitting him to his action at law.

The respondents demurred to the bill upon a number of grounds, among which was that the bill was without equity. The court overruled the demurrer, and on final hearing, on pleadings and proof as noted by the register, rendered a decree in favor of complainant to the extent of directing the respondents to remove, within sixty days, the rock wall from complainant's property, which had been constructed by them.

The respondent Wilma C. Dreyer alone appealed from this decree. Summons was duly served upon Henry C. Dreyer to appear here and unite in the appeal, but he has not seen proper to do so, and errors are here assigned by Mrs. Dreyer alone.

The first assignment of error presents for review the correctness of the court's decree in overruling the demurrers to the bill, while the second assignment presents for our consideration the propriety of the court's decree in granting relief to the complainant.

In brief of counsel for appellant, both errors are jointly argued, and in this brief appellant says: "The whole question raised on this appeal is, whether or not a stranger to a cause can be bound by a final decree in such cause of which she was not a party." In other words, Mrs. Dreyer contends that, inasmuch as she was not made a party to the first cause wherein the boundary line was established between lots 18 and 17, she was not concluded thereby. Appellant misconceives the full purpose of the bill.

Unfortunately for appellant, the demurrers filed to the bill in the present cause were jointly filed by Mr. and Mrs. Dreyer, and were directed to the bill as a whole. Confessedly, as to Mr. Dreyer, the bill was not subject to the only ground of demurrer here argued by appellant, viz. that the decree could not be binding on her, or conclude her rights, as she was not made a party thereto. The rule of our decisions is that, when demurrers are jointly filed by two or more parties, the demurrer must be good as to all demurrants, or it will be bad as to all. If it is not good as to all, the court must overrule the same. The demurrer, as for any ground here argued, being without merit as to Henry C. Dreyer, the husband, was properly overruled. Scott v. Jackson Securities & Inv. Co., 225 Ala. 90, 142 So. 76.

The two respondents also filed a joint answer to the bill, which, in effect was a denial of the allegations of the bill, except in paragraphs 5 and 6 it is averred:

"5. Respondents neither denies (deny) or affirms (affirm) the allegations contained in paragraph five of the bill of complaint, but charges (charge) the facts to be that respondent Wilma C. Dreyer, was not a part of said proceedings.

"6. Respondents answering paragraph six of the bill of complaint says that both respondents are joint owners of lot 17, Block 8, and were the joint owners at the time the said cause referred to in paragraph six was filed."

40

No note of testimony, at the hearing, was made by the respondents, or by either of them. We cannot, therefore, consider any testimony offered in their behalf, as rule 75 of Chancery Practice forbids it. Crews v. State ex rel. Patterson, Solicitor, 206 Ala. 101, 89 So. 205; Lunday v. Jones, 204 Ala. 326, 85 So. 411; In re Five Hundred Sacks of Feed, 205 Ala. 315, 87 So. 348; Brassell v. Brassell, 205 Ala. 201, 87 So. 347.

On behalf of complainant much testimony was offered to show that the respondent Henry C. Dreyer was in possession of and asserted ownership to lot 17; that he tore up and destroyed complainant's driveway; that he constructed the rock wall and himself paid for the construction of the same. It further appears from the evidence offered and noted by complainant that the respondent Wilma C. Dreyer was fully informed of the proceedings instituted and had against her husband to establish the boundary line between said lots 18 and 17; that she was present at the hearing of the case; that she testified as a witness for her husband in the case; and that she was fully aware of the pendency and the object of the proceedings; and that it was not until her husband was called upon to remove the wall, after the decree establishing the line between said lots, did she come forward with an assertion of an interest in the property. At the hearing of this cause, no deed or other written evidence of her title was offered before the court. If she was in fact a part owner of the property, it would seem that she would have been alert to exhibit her deed, or other written evidence of her ownership. This she did not do. In this situation of the case, in the absence of any note of testimony, and therefore in the absence of any proof of title to any part of the lot, we are unable to affirm error on the part of the court in the decree rendered, especially in view of the testimony offered and noted by the complainant.

It follows, therefore, that the decree appealed from will here be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.