187 So. 870

**SHIVER v. STATE.**

4 Div. 64.

Supreme Court of Alabama.

April 6, 1939.

Yarbrough & Beck, of Enterprise, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

KNIGHT, Justice.

This is an appeal from a decree of the Circuit Court of Coffee County condemning, as contraband, a certain automobile used in the unlawful transportation and delivery of prohibited liquors in Coffee County, Alabama, and denying relief to the intervenor, appellant here.

The question presented on this appeal is one purely of fact.

The evidence, without dispute, shows that at the time the automobile was seized by the Chief of Police of the City of Enterprise, it was then in the possession of, and being driven or operated by, one George W. Shiver; that at the time of the seizure there was found in the car a large quantity of whiskey; that before the said officer stopped the car and made the seizure, he had followed the progress of the car some two or more miles.

In the intervention petition filed by appellant it is not denied that the car at the time of its seizure was being used for the unlawful transportation of prohibited liquors, but appellant, in her said intervention petition sets up that the car was her property, and that she had no notice or knowledge that it was being used, or had been used, by her father, the said George

W. Shiver, for any unlawful purpose. In this respect the petition averred: "Your petitioner further avers that she had no knowledge or notice of any facts at the time of the seizure of said automobile or at any time prior thereto that by the exercise of reasonable diligence on her part would have led her to knowledge of said unlawful purpose for which the car was being used, and your petitioner herewith propounds her claim to said automobile and avers and claims a superior right to said automobile."

The evidence offered and noted by the state on the submission of the cause tended to show, in addition to the facts hereinbefore stated, that the said George W. Shiver had the general reputation of transporting and selling illegal whiskey in the City of Enterprise, and surrounding territory; that he had been engaged in this illegal traffic for a considerable length of time.

While we find in the record much evidence taken on behalf of the intervenor, yet none of it was noted on the submission, as required by Rule 75 of Chancery Practice. This rule is mandatory, and prohibits the trial court, as well as this court, from considering any evidence not noted as the rule directs. We cannot, therefore, on this appeal, consider any testimony, oral or documentary, which was given or offered by the intervenor. Allison Lumber Company v. Campbell, 225 Ala. 609, 144 So. 574; Mullen v. First National Bank, 226 Ala. 305, 146 So. 802; Simpson v. James R. Crowe Post, No. 27, American Legion, 230 Ala. 487, 161 So. 705; Johnston v. Johnston, 229 Ala. 592, 158 So. 528; Turner v. Turner, 193 Ala. 424, 69 So. 503; Harrod v. State, 225 Ala. 669, 145 So. 137; Dreyer v. Vaughn, 226 Ala. 38, 145 So. 446.

There is then no evidence before us, which we can consider, tending to support the appellant's petition. It stands, therefore, without proof in support of it. The State's evidence makes out a prima facie case, authorizing and justifying the court's decree of condemnation, and sale of the car, and there being no evidence to the contrary, the decree is due to be, and is, affirmed. Auburn Sales Co. v. State, 223 Ala. 184, 134 So. 867.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.