# Reese *v.* Barker,

*Bill in Equity to subject Equitable Estate of Married Woman to Payment of Note.*

1. *Note of testimony.*—The rules of practice requiring a note of the testimony (Code, p. 824, Rules 77, 78) are mandatory, and prohibit the consideration of any testimony not so noted; and when an order of submission, which was accompanied with a proper note of the testimony, is set aside, a subsequent order of submission must also be accompanied with a like note, unless, by agreement of record, the former note is adopted.

2. *Same; hearing on bill and answer* —When a cause is submitted without any note of the testimony, the hearing must be, of necessity, on bill and answer only, and will be so considered by this court on appeal, notwithstanding a recital in the decree that the cause "was submitted on pleadings and testimony;" and on such hearing, a verification of the answer having been waived, the complainant is not entitled to relief, unless so entitled on the admitted allegations of the bill.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 26th December, 1884, by J. N. Barker and wife, against W. S. Reese and wife; and sought to subject certain lands, held by Mrs. Reese as an equitable separate estate, to the payment of a promissory note for $3,240, which was signed "*M. L. Reese, by W. S. Reese*, trustee." The chancellor rendered a decree in favor of the complainants, and it is now assigned as error by Mrs. Reese.

BRICKELL, SEMPLE & GUNTER, for appellant.

JERE N. WILLIAMS, *contra.*

CLOPTON, J.—Rule 77 of Chancery Practice prescribes the mode and order in which the testimony shall be offered on the hearing of a cause, as follows: The complainant must "offer his testimony in chief, naming the witnesses and other testimony, of which the register must take a note; and then that of the defendant must be offered, and noted by the register; to which the complainant, in like manner, must offer his rebutting testimony." The rule then declares:

"Any testimony not offered in this way, and noted by the register on the minutes, must not be considered as a part of the record, nor be considered by the chancellor." And Rule 78 provides: "The register shall enter on the minutes of the court a memorandum of the testimony offered by each party on the hearing of the cause, a copy of which shall be filed with the papers for the use of the chancellor."—Code, 1886, p. 824. These rules are both mandatory and prohibitory. They command that all testimony offered by the parties be noted by the register, and entered on the minutes, and prohibit the consideration of any testimony not so offered, though it may be among the papers of the cause.

The present cause was first submitted at the October term, 1886, when a note of the testimony was made, and entered on the minutes, as required by the rules. The submission was set aside by the chancellor at the same term, for the reason that the cause was not at issue as to a material defendant. The vacation of the order of submission reinstated the cause, and restored it to the same condition in which it was before the submission, and operated also to vacate the note of testimony, which was incidental, and an essential part of the submission. At the October term, 1887, the cause having been put at issue, was again submitted. On this hearing, so far as appears from the record, no testimony was offered by either party; none was noted by the register, and no memorandum of any was entered on the minutes. The absence of such memorandum from the record can not be supplied by an intendment, from the recital of the decree that the "cause was submitted on pleadings and testimony," that it was submitted on the testimony noted on the vacated submission. Such recital is referable to the testimony appearing among the papers in the cause and not noted, as well as that noted. Conformity to the rules requires, that when a cause has been submitted, and the order of submission vacated, on a re-submission at a subsequent term, the testimony should be noted, and a memorandum thereof entered on the minutes, as if there had been no former submission and note of testimony; unless the parties, by agreement, substitute the former note, which agreement should appear on the record. The necessity of so construing the rules is made apparent by the record in this case, in which there appear six different depositions, only two of which were noted when the cause was first submitted, the other four having been taken and published since the submission was set aside.

[McMillan & Son v. Jewett.]

The cause having been submitted without any testimony being noted, the hearing was, of necessity, on bill and answers, the verification of which was waived. Some of the most material allegations of the bill, the admission or proof of which is essential to entitle complainants to relief, are expressly denied, and others not admitted. When the hearing is on bill and unsworn answer, the complainant is not entitled to relief, unless so entitled on the admitted allegations of the bill.— *Winter v. City Council*, 83 Ala. 589.

As the memorandum of the testimony noted by the register constitutes an essential part of the record, and as the entry of the memorandum on the minutes is requisite for this purpose, and as the chancellor is prohibited to consider any testimony not noted by the register, neither can the appellate court consider any testimony not so noted, though it may appear in the transcript transmitted to this court. It would, therefore, be improper for us to pass upon the effect of the evidence, which is copied in the transcript. As the complainants are not entitled to relief on the bill and answers alone, the decree must be reversed, and the cause remanded, that the parties may offer their testimony, and have it noted in conformity with the rules.

Reversed and remanded.