# Hooper *v.* J. H. & W. B. Bankhead.

### *Bill to Quit Title.*

(Decided May 24, 1909. 49 South. 858.)

*Quieting Title; Bill; Source of Complainant's Title.*—It was not essential to a bill to quiet title filed under section 5444, et. seq., Code 1907, that it should set out the source of complainant's title.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bill by J. H. & W. B. Bankhead against John DeB. Hooper to quiet title. From a decree overruling respondent's demurrer to the bill he appeals. Affirmed.

W. C. DAVIS, and A. F. FITE, for appellant. The bill should have set forth facts showing title to the land in complaint instead of resting upon the mere naked averment of that fact.—*Berry v. T. & C. R. R. Co.*, 134 Ala. 622.

[Hooper v. J. H. & W. B. Bankhead.]

BANKHEAD & BANKHEAD, for appellee. The bill fully conforms to all the requirements of section 5444, Code 1907. The court is not required to ascertain the strength of plaintiff's title.—*Kendricks v. Colyar,* 143 Ala. 597.

ANDERSON, J.—The bill was filed under chapter 127 of the Code of 1907 to quiet the title to land therein described, and compiled with section 5444 as to the averment of ownership and possession by the complainants.

It is insisted by the appellant that the failure of the bill to set out the source of complainant's title rendered it subject to this ground of the demurrer interposed by him. The statute neither requires nor contemplates that the source of the complainant's claim or title should be set out in the bill of complaint.—*Kendrick v. Colyar,* 143 Ala. 597, 42 South. 110. The case of *Berry v. T. & C. Co.,* 134 Ala. 622, 33 South. 8, has no bearing on this question.

The decree of the county court, overruling the respondent's demurrer, is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.