(85 South. 411)

**LUNDAY et al. v. JONES et al.**    (4 Div. 830.)

(Supreme Court of Alabama. Feb. 14, 1920. Rehearing Denied June 3, 1920.)

**Equity** ⟲═349—**Cause reversed where no note of testimony appears in record.**

Where the record contains no note of testimony as required by Chancery Practice Rule 75 (Code 1907, p. 1551), the cause will be reversed.

Gardner and Somerville, JJ., dissenting.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by W. H. Jones and another against H. S. Lunday and another to set aside a conveyance as a fraud upon creditors. From the decree entered, the respondents appeal. Reversed and remanded.

Bill by appellees against appellants to set aside a conveyance executed by the husband to the wife (respondents) as a fraud against complainants who were creditors.

The cause was tried before the court upon oral testimony on May 20, 1919 (no note of testimony appearing in the record), and decree rendered granting the relief sought, from which decree respondents prosecute this appeal.

W. W. Sanders, of Elba, for appellants.

The decree should be reversed because of want of note of testimony. Rules 75 and 76, Chancery Practice; 85 Ala. 474, 5 South. 305; 130 Ala. 575, 29 South. 201; 193 Ala. 424, 69 South. 503. Counsel discusses other issues, but, in view of the opinion, it is not deemed necessary to set them out.

A. R. Powell, of Andalusia, for appellees.

Acts 1915, p. 705, relieves the necessity for note of testimony as a useless thing. See, also, 200 Ala. 215, 75 South. 973.

PER CURIAM. The majority of the court, consisting of ANDERSON, C. J., McCLELLAN, SAYRE, THOMAS, and BROWN, JJ., are of the opinion that the cause should be reversed for the reason there was no note of

---

testimony as required by Chancery Practice Rule 75 (Code 1907, p. 1551), under the authority of the recent case of Potts v. Court of Com'rs, 203 Ala. 300, 82 South. 550, and the several authorities therein cited.

It therefore results that the decree is reversed, and the cause remanded.

Reversed and remanded.

GARDNER, J. (dissenting). The cause was assigned to the writer, and the following opinion prepared; but upon consideration of the cause in consultation the opinion did not meet the approval of the majority. While only a question of practice is involved, yet, as it is very important in the administration of justice, and works a great hardship in the reversal here of a well-sustained decree, I deem it a matter of sufficient importance to express my views as stated in the opinion originally prepared, as follows:

On the trial of this equity suit the judge ordered that the testimony be taken orally in open court, as provided by the Act of September 22, 1915 (Acts · 1915, p. 705). The oral testimony was taken down by the official court stenographer, transcribed by him and filed, and appears in this record duly signed by said stenographer. Complainants examined all their witnesses orally, and respondents likewise examined their witnesses, with the exception of two of respondents' witnesses who were examined prior to the hearing by interrogatories, and these depositions were offered in evidence. The transcript of the evidence discloses the examination and cross-examination of each witness· examined orally, and in whose behalf such witness was offered.

The note of testimony does not appear in the record, and this is the sole ground upon which the appellants rest for a reversal of this decree, citing Reese v. Barker, 85 Ala. 474, 5 South. 305; Turner v. Turner, 193 Ala. 424, 69 South. 503.

In the recent case of Kelley v. Chandler, 200 Ala. 215, 75 South. 973, this rule in regard to the note of testimony was referred to; and I deem it not inadvisable to call attention to the fact that the testimony there considered was not heard orally before the court as provided by the above-cited statute.

The only question therefore to be here considered is whether or not the strict rule as adhered to in our previous decisions in regard to the necessity of testimony being noted, as required by Chancery Practice Rule 75, is to be applied to an equity cause heard orally in open court. While the statute is silent ·in this respect, yet I entertain the view that the rule is not applicable to cases of that character.

Prior to the above-cited statute of 1915, testimony in chancery causes, upon which submission was had for final decree, was not heard orally before the court (sections 3139, 3141, Code 1907), but reached the chancellor in record form. One of the principal purposes to be served by this rule, therefore, was to aid the chancellor in his investigation of the cause and the examination of the proof, and, also, to furnish some information to this court as to the evidence considered by the chancellor in arriving at his conclusion. Turner v. Turner, supra. But where the witnesses are examined orally, the court has the advantage of seeing the witnesses upon the stand and noting their demeanor; they are cross-examined and re-examined at his pleasure, and he is, of course, aware of by whom each witness is offered.

It is therefore clear that the reason for the rule as to noting the testimony disappears where the trial is had in open court with the testimony being offered orally by the respective parties. There is therefore no logic in the insistence that this rule should. reach forward and have application to a situation under the changed order of things where it has no purpose to serve. Rule 75 requires that testimony not so noted should not be considered by the chancellor, and yet when heard orally by him, in open court, such a rule is without any meaning or application, for the testimony is already "within the breast" of the court and can hardly be expected to be eliminated from consideration by any mere rule 'of practice. 'The reason for the rule in such cases disappearing, the rule itself should be held inapplicable.

Nor is it any longer necessary in aid of an appeal to this court. The statute, previously cited, provides, that testimony so taken shall be transcribed in typewriting, certified by the stenographer, and filed in the cause. In some jurisdictions the testimony so taken in chancery causes reaches the appellate courts by way of "certificate of evidence" signed by the trial judge. Flaherty v. McCormick, 123 Ill. 525, 14 N. E. 846, cited in Fletcher's Eq. Pl. & Pr., § 718. This act (Acts 1915, p. 705) does not provide for certification by the trial judge, but has left this to the court stenographer who is an official of the court, occupying an important place in the administration of its affairs. As to how the evidence should reach this court was a matter within the legislative discretion— whether by certificate of the judge or the court stenographer.

All of the testimony of complainants was offered orally, and that it entirely suffices to justify the conclusion reached is not questioned, and, indeed, a reading of the same is quite convincing to that effect.

The fact that respondents had taken depositions of two witnesses can serve no purpose on this appeal. If it be conceded that, under our previous decisions, testimony so taken should be held to come within the rule and have to be noted, to be considered, yet this would not be a matter as to which ap-

pellants, whose testimony was so taken, could complain, and could have no bearing upon the result.

I think the cause should be affirmed and therefore respectfully dissent.

SOMERVILLE, J., concurs in the foregoing dissenting views.