(87 South. 93)

**WATSON v. KIRKLAND et al.  (4 Div. 877.)**

(Supreme Court of Alabama.  Nov. 18, 1920.)

Appeal and error ⚫833 — Complainant introducing no evidence cannot rely on failure to answer amended bill.

On appeal from a decree dissolving a temporary injunction and denying the permanent injunction prayed for, complainant is not entitled to relief, though no answer or decree pro confesso was filed to the amended bill therein, where plaintiff, who had the obligation to sustain; at least prima facie, the material allegations of his bill, acquiesced, if he did not participate, in open court, in an effort to submit his cause without testimony.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by Wright E. Watson against S. S. Kirkland and others to enjoin the obstruction of a public road. Decree for complainant, and respondents appeal. Affirmed.

E. O. Baldwin, of Andalusia, for appellants.

The court was in error in denying appellant relief in this cause and in dismissing his bill. 174 Ala. 457, 57 South. 375; 95 Ala. 28, 11 South. 375; 140 Ala. 268, 37 South. 79. The court was also reversed because the decree was rendered before the cause was at issue. Rule 75, Chancery Practice; 85 Ala. 474, 5 South. 305.

A. Whaley, of Andalusia, for appellee.

An amendment is not ,allowed to a bill in equity, after submission for final decree, without an order setting aside this submission. 115 Ala. 578, 22 South. 34; 116 Ala. 390, 22 South. 517; Acts 1915, p. 811. As submitted, the bill had no support in the evidence, and the court could render no other decree than that rendered.

McCLELLAN, J. The appellant (complainant) filed this bill against the appellees seeking the removal of an obstruction, placed by appellees, in a way averred to be a public

road. After modifying, on accelerated hearing, the injunction issued on the bill, it appears from the record, under date May 20, 1919, that in open court the cause was "submitted for final decree upon pleadings and testimony noted by the register and held for decree in vacation." On September 2, 1919, upon consideration "in open court," decree was rendered denying relief and dissolving the injunction. The complainant (appellant) thereupon moved the court, apparently "in open court," to reinstate the injunction pending this appeal, and this order was entered as a part of the decree of September 2, 1919. On July 15, 1919, complainant (appellant) filed an amendment to his original bill changing the description of the road alleged to be obstructed. If it is assumed (for the occasion only) that the effect of provisions of sections 1 and 3 of the act approved September 22, 1915 (Gen. Acts 1915, p. 706; S. S. S. & I. Co. v. Yancey, 201 Ala. 200, 77 South. 726) was to constitute this paper an amendment of the original bill, since it was filed "before final decree"—no answer or decree pro confesso as upon the thus amended bill being filed or taken—this appellant can gain no advantage therefrom, for the reason that, though the actor in the cause and having the obligation to sustain, at least prima facie, the material allegations of his bill, he acquiesced, if not participated, in open court, in an effort to submit his cause without a note of testimony (to accept for the occasion only his contention that no note of testimony was made by the register), thus leaving his bill, original or amended, without evidential support in material particulars, in consequence of which the court could only decree in denial of the relief sought by the complainant. Certainly, in such circumstances, a complainant cannot successfully invoke a reversal of the only character of decree the court could have rendered in the premises.

These considerations lead to the granting of the application for rehearing, the setting aside of the judgment of reversal, and the affirmance of the cause.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.