(87 South. 347)

BRASSELL v. BRASSELL. (3 Div. 486.)

(Supreme Court of Alabama. Jan. 13, 1921.)

I. Equity ⟲356—Decree reversed when testimony not noted on the minutes.

When the testimony in a chancery case was not noted by the register on the minutes as required by chancery rule 75 (2 Code 1907, p. 1551), the decree will be reversed for want of legally noted testimony to support it.

2. Equity ⟲356—Provision for noting testimony by register not dispensed with by statute or agreement of parties.

Acts 1915, p. 705, providing for taking testimony orally in open court in equity cases, or an agreement of the parties to the same effect, did not excuse compliance with chancery rule 75 (2 Code 1907, p. 1551), providing that the testimony shall be noted by the register on the minutes and that testimony not so noted shall not be considered as a part of the record.

Gardner, J., dissenting.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Walter R. Brassell against Jane Porter Brassell for divorce and the custody of the child. Decree for complainant, and respondent appeals. Reversed and remanded.

The following is the agreement of counsel referred to:

It is mutually agreed by and between the solicitors in the above-stated case, Hill, Hill, Whiting & Thomas and W. A. Jordan, for complainant, and Holloway & Hill, for respondent, as follows:

---

(1) That the demurrers heretofore interposed to said bill are hereby withdrawn.

(2) That respondent shall file a cross-bill on or before August 24th, and same shall be answered by complainant's solicitors on or before August 26th.

(3) That both parties hereto agree that no interrogatories shall be filed, that all notice of time is hereby waived by both parties, and the testimony of both parties shall be taken in open court before Judge Leon McCord, and he shall be requested to enter an order requiring said testimony to be taken orally in open court, as provided by Acts of Legislature 1915, p. 705.

Holloway & Hill and Ball & Beckwith, all of Montgomery, for appellant.

Where the record contains no note of testimony, the judgment finds no support in the record and will be reversed. 85 South. 411; 203 Ala. 300, 82 South. 550; 193 Ala. 424, 69 South. 503; 201 Ala. 373, 78 South. 229; 201 Ala. 508, 78 South. 862; 201 Ala. 86, 77 South. 380; 200 Ala. 215, 75 South. 973; 197 Ala. 455, 73 South. 20; 130 Ala. 575, 29 South. 201; 100 Ala. 199, 14 South. 9; 85 Ala. 474, 5 South. 305; 83 Ala. 348, 3 South. 670; 81 Ala. 479, 8 South. 197; rule 75, Chan. Prac. Counsel discuss other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

Hill, Hill, Whiting & Thomas and W. A. Jordan, all of Montgomery, for appellee.

The agreement falls squarely under rule 14, and under Acts 1915, p. 705, and the testimony having been taken in person before the court orally, the judgment will not be reversed, unless it shocks the sense of justice and right. 92 Ala. 633, 9 South. 738; 95 Ala. 148, 10 South. 257; 102 Ala. 332, 14 South. 637; 105 Ala. 545, 17 South. 16; 107 Ala. 417, 18 South. 3; 108 Ala. 230, 19 South. 377; 109 Ala. 600, 19 South. 699; 199 Ala. 388, 74 South. 380; 201 Ala. 193, 77 South. 719; 75 Fla. 597, 78 South. 982; 202 Ala. 317, 80 South. 399. Counsel discuss the other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

PER CURIAM. [1, 2] The record in this case fails to disclose a note of testimony as required by chancery rule 75 (Code of 1907, p. 1551). This rule expressly requires that testimony not offered as there provided and noted by the register on the minutes must not be considered as any part of the record. The trial court having granted the complainant relief, and the record disclosing no legally noted testimony in support of same, this decree must be reversed upon the authority of the recent case of Lunday v. Jones, 85 South. 411.[1] See, also, Potts v. Commissioner's Court, 203 Ala. 300, 82 South. 550, and numerous cases there cited. The agreement of counsel as to taking the testimony, on page 6 of the record, cannot affect or change the result. The agreement does nothing more than to consent to what the trial court was authorized to do under the Act of 1915, p. 705, and said act in no wise abrogates, alters, or modifies rule 75 or excuses a noncompliance therewith. While the opinion of the court in the Lunday Case, supra, makes no reference to the above-cited act, it was considered and is referred to in the dissenting opinion of Justice Gardner. It was, in effect, held in said Lunday Case that rule 75 was in full force and effect and was mandatory, and we now expressly hold that the act of 1915, p. 705, in no wise alters or modifies said rule or excuses a noncompliance therewith.

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

All Justices concur, except GARDNER, J., who dissents.

GARDNER, J. (dissenting). I am not in harmony with the holding of the majority in Lunday v. Jones, 85 South. 411,[1] and think the result here more clearly demonstrates the error of that decision, which, in my humble judgment, should be now overruled.

In any event, however, chancery rule 75 is but a rule of practice, a compliance with which may be waived by appropriate agreement of counsel. I construe the agreement of counsel entered into in this cause (especially when viewed in connection with the procedure that follows) as intending to embrace all questions of practice relating to this trial, which would include any formal notation of the evidence. So construing the agreement, therefore, I cannot agree to the majority opinion, and consider it most unfortunate that the cause is not determined here upon its merits.

I therefore respectfully dissent.