(88 South. 417)
**BECK et al. v. BURCHFIELD et ux.**
(6 Div. 73.)

(Supreme Court of Alabama. April 14, 1921.)

Equity ⬅362—Bill properly dismissed in absence of evidence signed by register, as required by chancery court rule.

Bill to ascertain amount of mortgage debt and to foreclose mortgage was properly dismissed by a court, where there was not a note of testimony signed by the register, as required by Rules of Chancery Practice, No. 75, Code 1907, p. 1551.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Bill by H. M. Beck, as trustee, and others under a mortgage executed to secure creditors against J. G. Burchfield and his wife to ascertain the amount of the mortgage debt and to foreclose. From a decree dismissing the bill complainants appeal. Affirmed.

E. L. Clarkson and H. S. Finley, both of Tuscaloosa, for appellant.

Counsel discuss the jurisdiction and functions of the court of equity and also the right of complainant to a personal judgment in case the mortgage is invalid or defective; but they do not discuss the matters decided in the opinion.

P. B. Traweek, of Tuscaloosa, for appellees.

Counsel insist that in view of the record court could not have rendered any other judgment; therefore the decree should be affirmed.

MILLER, J. H. M. Beck, as trustee, files this bill against J. G. Burchfield and his wife, Malisa Burchfield, to foreclose a mortgage given by them. Malisa Burchfield files non est factum plea, in which she avers that "the mortgage was not executed by her, or by any one authorized by her to execute it." J. G. Burchfield files separate answer. The prayer of the bill asks the court to ascertain the amount of the debt due complainant, secured by the mortgage, and, if it is not paid, to foreclose the mortgage for its collection.

The court by its decree found that the property in the mortgage was the homestead of the defendants, that it was in area less than 160 acres and in value less than $2,000; the separate acknowledgment of the wife was not taken by an officer, as the law requires of

a homestead, and the mortgage was therefore void as to the homestead. Section 4161, Code 1907. The decree denied the relief, dismissed the bill, and taxed complainants with the costs. This is assigned as the first error.

We find no note of testimony by the register in the cause. Rule 75 of Chancery Practice, p. 1551, Code 1907, is ignored. It has been held to be mandatory. Tatum v. Yahn, 130 Ala. 575, 29 South. 201.

The court rendered decree on the merits, dismissing the cause and taxing complainants with the costs. Without a note of testimony by complainant or defendant, or both, signed by the register, as required by this rule, the court from necessity would render a decree dismissing the cause.

There can be no reversal of this decree at the request of the complainants, when it is the only kind that could have been rendered by the court under the record. Rule 75, p. 1551, Code of 1907; Wright Watson v. Kirkland, 204 Ala. 655, 87 South. 93; Tatum v. Yahn, 130 Ala. 575, 29 South. 201.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.