(90 South. 904)

### SAXON v. PARSON.   (7 Div. 205.)

(Supreme Court of Alabama.   Oct. 20, 1921.)

**1. Appeal and error ⊚⇒515(2)—Plaintiff held not required to provide note of testimony on motion to dissolve injunction.**

Omission to provide a note of testimony on hearing of motion to dissolve a temporary injunction does not debar plaintiff from consideration or relief on his appeal from an order dissolving the injunction; such order of dissolution being erroneous if a note of testimony was essential, under chancery rule 77 and Code 1907, p. 1552.

**2. Injunction ⊚⇒146—Rule as to conclusive effect of full denials of sworn answer changed.**

Code 1907, § 4535, governing hearings on motions to dissolve temporary injunctions, changed the rule which accorded a measure at least of conclusive effect to the full ·denials of sworn answers, and, while giving to such an answer an effect as evidence, constituted the evidence on hearing of motion to dissolve one of fact mainly, if the bill possesses equity.

**3. Injunction ⊚⇒61(2) — Operating taxicab ·in violation of stipulation in contract of sale of business may be enjoined.**

Injunction is proper to restrain violation of a stipulation in a sale contract of a taxicab business that the seller would not engage in such business within 12 months.

**4. Good will ⊚⇒6(4)—Contract of sale of taxicab business held to bar seller from engaging in certain business.**

A stipulation in a contract of sale of a taxicab business, automobiles and·good will, giving the seller the right to bring passengers from any other place where he should establish a taxi business, and to take passengers out of the·town to other places, *held* only an exception to, and not an annulment of, another clause in the contract to the effect that the seller should not operate cars for hire in the town.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

Bill by W. F. Saxon against G. B. Parson to enjoin the violation of a contract. From a decree dissolving temporary injunction, complainant appeals. Reversed and remanded.

The following is the contract referred to in the opinion:

"State of Alabama, Clay County.

"Know all men by these presents that this contract made and entered into on this day by and between W. F. Saxon, of Ashland, Ala., party of the ·first part, and G. B. Parsons, of Ashland, Ala., party of the second part, witnesseth:

"First. That the party of the first part, W. F. Saxon, has purchased from the party of the second part G. B. Parsons, his cars or automobiles—Fords—and also his taxicab business and good will for the period of one year from date, at and for the sum of $675. In other words, G. B. Parsons has been operating and conducting a car or cars for hire in the town of Ashland, and the said G. B. Parsons has sold said cars to the said W. F. .Saxon for $675, and as a further consideration the said G. B. Parsons agrees not to operate, cause to be operated, or have operated a car or cars for hire ·in the town of Ashland, Ala., for a period of 12 months from date.

"For and in consideration of the above the said G. B. Parsons acknowledges receipt of the said $675 from·the said W. F. Saxon, and hereby agrees not to operate a car or cars for hire or to have same operated in said town of Ashland, Ala., for a period of 12 months from date.   And the said G. B. Parsons agrees and hereby binds himself to forfeit to the said W. F. Saxon the sum of $300 in case he breaches the. above obligation or agreement with reference to operating or having operated for hire in the town of Ashland, Ala., cars or automobiles within 12 months from date.

"It is further agreed by both parties hereto that, in case the said G. B. Parsons should establish a taxi business in any other place other than in the town of Ashland, Ala., then and in that event he is to have the right during the life of this contract to bring passengers from such other place or places into the town of Ashland and also to take passengers from the town of Ashland to other places.

"Signed in duplicate this the 1st day of Dec., 1920.                      W. F. Saxon,
                 "Party of the First Part.
                    "G. B. Parson,
              "Party of the Second Part."

Lackey, Pruet & Glass, of Ashland, for appellant.

Injunction was the proper remedy.   149 Ala. 135, 43 South. 131; 10 L. R. A. (N. S.) 204, 123 Am. St. Rep. 17; 108 Ala. 451, 18 South. 806, 54 Am. St. Rep. 177. .Contracts must be construed as a whole.   159 Ala. 474, 49 South. 75; 70 Ala. 136;¹ 190 Ala. 319, 67 South. 246; 218 U. S. 467, 31 Sup. Ct. 49, 54 L. Ed. 1107.   Contracts are always construed so as to effectuate the intention of the parties, and any doubt is resolved in favor of the party taking under the contract.   190 Ala: 319, 67 South. 246; 165 Ala. 268, 51 South. 767, 138 Am. St. Rep. 66; 190 Ala.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

634, 67 South. 424; 85 Ala. 219, 4 South. 695; 191 Ala. 339, 67 South. 609; 198 Ala. 57, 78 South. 423. Note of submission was not necessary in this case. Rule 77, Chancery Practice; 107 Ala: 640, 18 South. 266; 81 Ala. 480, 8 South. 197.

McKay & Crumpton, of Ashland, for appellee.

No note of testimony is filed as required by rule 75, and the evidence cannot be considered. 203 Ala. 284, 82 South. 542; 201 Ala. 86, 77 South. 380. The sworn answer denies the allegations of the bill, and the injunction was properly dissolved. 142 Ala. 462, 38 South. 1027; 115 Ala. 239, 22 South. 465; 152 Ala. 320, 44 South. 471; 193 Ala. 175, 68 South. 984; 158 Ala. 331, 48 South. 589, 132 Am. St. Rep. 32. Where there is doubt as to the relief sought, injunction will be denied. 189 Ala. 149, 66 South. 80; 203 Ala. 137, 82 South. 167.

McCLELLAN, J. This is an appeal from an order dissolving a temporary injunction, issued on a bill filed by appellant against appellee to restrain appellee from violating the obligation of a contract whereby appellant purchased of appellee his "taxicab business," cars, and "good will" as defined in the writing. The report of the appeal contains the contract. The submission, on motion to dissolve, was on "bill, sworn answer of respondent, affidavits introduced by complainant [appellant], and oral testimony of respondent."

[1, 2] For the appellee it is contended that the omission to provide a note of testimony (Chancery Rule 77; Civ. Code, p. 1552) on the hearing of the motion to dissolve operates to debar appellant from consideration or relief on this appeal. Just the converse is true, if chancery rule 77 is applicable. See Jackson v. Hooper, 107 Ala. 634, 640, 18 South. 254. The appellee was the movant, the actor; and, if the omission to provide a note of testimony was essential, the order of dissolution was erroneously entered (Watson v. Kirkland, 204 Ala. 655, 87 South. 93), being, in that event, unjustified by any so noted supporting matter not even the answer upon which appellee relies (Goodloe v. Dean, 81 Ala. 479, 480, 8 South. 197). Regardless, however, of that matter, the order dissolving the injunction was, in our opinion, erroneously entered. Code, § 4535, governing hearing on motion to dissolve injunction, changed the rule which accorded a measure, at least, of concluding effect to the full denials of a sworn answer, and, while giving to such an answer an effect as evidence, constituted the issue on hearing of motion to dissolve one of fact mainly, if the bill possesses equity. Nelson v. Hammonds, 173 Ala. 14, 19, 20, 55 South. 301; Lynne v. Ralph, 201 Ala. 535, 78 South. 889.

[3, 4] The particular provision of the contract 'the breach of which is sought to be prevented through this bill for injunction— an appropriate remedy in proper cases (Harris v. Theus, 149 Ala. 133, 43 South. 131, 10 L. R. A. [N. S.] 204, 123 Am. St. Rep. 17, among others)—is that stipulating against appellee's operation or having operated a car or cars for hire in Ashland for 12 months from the 1st day of December, 1920. The bill avers a breach or breaches by appellee of this engagement. The effect of the indicated feature of the contract is unmistakable. The last paragraph in the contract was designed to introduce an exception to the broadly stated obligation of appellee not to engage in hiring cars in Ashland during the period stipulated. The last paragraph cannot be read otherwise than as introducing an exception without imputing to it an intent to annul the previous comprehensively expressed obligation of the seller, the appellee. Considering the contract in its entirety, the exception set out in the last paragraph meant this: That, if appellee established a taxi business in any other place than Ashland, the appellee, during the 12 months defined in the contract, might bring passengers becoming such at places other than Ashland into Ashland and take those passengers—becoming appellee's passengers at places other than Ashland for transportation to Ashland—from Ashland to other places. Unless so construed, the earlier expressed intent of the parties would be completely negatived, thereby introducing an inconsistency not to be expected in writings of this character. Reading the bill, affidavits, sworn answer, and the oral testimony in the light of this construction of the contract, it is clear, even from appellee's testimony, that the appellee's acts temporarily enjoined through the writ dissolved were in violation of appellant's rights under the contract, and that the temporary injunction was erroneously dissolved.

The decree dissolving the injunction is reversed. The cause is remanded for further proceedings consistent with this construction of the contract.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.