144 So. 574

## ALLISON LUMBER CO. v. CAMPBELL.
### 2 Div. 3.

Supreme Court of Alabama.
Nov. 25, 1932.

Jas. R. McDaniel, of Livingston, for appellant.

Patton & Patton, of Livingston, and Harwood & McQueen, of Tuscaloosa, for appellee.

KNIGHT, J.

Bill by Allison Lumber Company against W. S. Campbell, filed in the circuit court of Sumter county, seeking injunctive relief against alleged trespasses by respondent, in cutting and removing timber from lands of complainant. Upon the filing of the bill a temporary injunction was issued in accordance with the prayer of the bill.

Upon final submission, the court held that the bill was without "merit," dissolved the injunction, and dismissed the bill, and taxed the cost against complainant. The decree recites that the cause "coming on to be heard is submitted on pleadings and proof as noted by the register." The appeal is by the complainant.

The answer of the defendant to the bill of complaint is full, and denies each substantial averment of the bill, upon which the complainant predicated his right to relief.

Chancery. Rule 75 prescribes that on the hearing, "complainant's counsel must then offer his testimony in chief, naming the witnesses and other testimony, of which the register must make note; and.then, that of the defendant must be offered, and noted by the register, to which complainant, in like manner, must offer his rebutting testimony. Any testimony not offered in this way, and noted by the register on the minutes, must not be considered as any part of the record nor be considered by the chancellor." This rule has long been held to be mandatory, and forbids the consideration of any testimony not offered and noted as required by the rule. Harn v. Common Council of Dadeville, 100 Ala. 199, 14 So. 9; Turner v. Turner, 193 Ala. 424, 69 So. 503; Sellers v. Farmer, 147 Ala. 446, 41 So. 291; Tatum v. Yahn et al., 130 Ala. 575, 29 So. 201; Carson et al. v. Sleigh, 201 Ala. 373, 78 So. 229; White v. White, 207 Ala. 533, 93 So. 457; Brassell v. Brassell, 205 Ala. 201, 87 So. 347.

The record fails to show any testimony was offered by complainant, which was noted by the register as required by the above stated rule of chancery practice, and we cannot, therefore, on this appeal, consider any testimony, oral or documentary, which was given or offered by complainant.

The record does show, however, that considerable testimony was offered by respondent and noted by the register on behalf of the respondent. This testimony supports respondent's contention that the lands, upon which the alleged trespasses were committed and threatened, were the property of respondent, and not the property of the complainant. This testimony in no wise supports complainant's contention. In this state of the record, pretermitting all other questions, with no note of testimony bringing to the attention of the court the testimony relied upon by the complainant, the decree of the circuit court in equity must be and is affirmed. Authorities supra.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.