182 So. 31
**STATE TAX COMMISSION et al. v. COM-
MERCIAL REALTY CO.**

6 Div. 255.

Supreme Court of Alabama.
June 2, 1938.

Rehearing Denied June 23, 1938.

A. A. Carmichael, Atty. Gen., and Effie
Crittenden, Asst. Atty. Gen., for appellants.

359

Rosenthal & Rosenthal and Robt. S. Gordon, all of Birmingham, for appellee.

BROWN, Justice.

This proceeding might well be classed as *sui generis,* in that it was initiated by petition, in form of a bill in equity addressed *"To the Honorable Judges of the Circuit Court of Jefferson County, Alabama,"* followed by the "stating part" divided into sections numbered consecutively from 1 to 7, inclusive (as required by Rule 8 of Chancery Practice), the first and second sections stating the name, character and residence of the parties; alleging that the State Tax Commission of the State, "is an agency of the State of Alabama, charged with the duty and responsibility of supervising the collection of Revenue, that is due the State of Alabama * * * The Respondent A. A. Carmichael is the Attorney General of the State of Alabama, [the defendant] Roy Johnson is the Tax Assessor, * * * and J. W. Hamilton is the Tax Collector of Jefferson County," and concluding with a prayer for relief, as required by § 6525 of the Code for "Bill of Complaint", to the effect that the parties named be made parties defendant, "by appropriate legal process; that they be required to plead, answer, or demur thereto within the time prescribed by law; that upon a final hearing the Court will make and enter a declaratory judgment in which it will be ordered, adjudged, and decreed:

"1. That the Commercial Realty Company, a corporation, incorporated in the State of Alabama, is not liable for and is not obligated to pay any tax for ad valorem purposes for the year 1936 on the premises known and designated as S. W. Corner 5th Avenue and 23rd Street, North, being 100x140 feet, in the City of Birmingham, * * * and hereinbefore described and set forth.

"2. That the State of Alabama, and the Probate Court of Jefferson County, 10th Judicial Circuit, be enjoined from selling said property for failure to pay taxes thereon until the rights of the petitioner are adjudicated hereunder.

"3. That the Honorable Court decree that the Petitioner be not required to pay any interest or penalties.

"And your Petitioner prays for such other, further, general special, and appropriate relief, judgment and decree, as it may be entitled to, for which it will as in duty bound ever pray." [Italics supplied.]

The pleading was, before answer filed, amended in its body and prayed, by striking "from Article 3 of said petition the following:

" 'That without prior notice or information of any kind, the said premises were vacated and possession returned to the Petitioner.

" 'That at no time prior to vacation of same was Petitioner aware of any intent on the part of the said United States of America to vacate said premises.'

"Petitioner further amends said Article by adding thereto and inserting therein as follows: 'That your petitioner received in notice in writing 30 days prior to the 30th day of September, 1935, that the said premises would be vacated on October 1, 1935.'"

And by striking out paragraphs 4 and 6, and concluding with the following substituted prayer:

"The Premises Considered, your Petitioner prays that this Honorable Court render a decision declaring (1) whether or not Petitioner's property, i. e. Lots 1, 2, and 3, Block 57, Birmingham, being 100 x 140 feet, is exempt from ad valorem taxes for the tax year 1935; (2) whether the property shall be considered an escape in the event said property is declared to be non-exempt; (3) that in the event it is declared non-exempt, what interest, if any shall have accrued."

By paragraph 4, stricken by amendment, it was alleged:

"That on said premises were two buildings, both of which were used for the purposes of the 'Transient Bureau.' That after vacation of same, the Petitioner, because of the condition in which these were left, was forced to raze one of these buildings at great expense to Petitioner; that other building, because of the condition in which it was left, was of necessity remodeled and refinished *at a cost of approximately Five Thousand ($5,000.00) Dollars to the Petitioner. That on or about June, 1936, the one remaining building was rented and leased as rooming house at a greatly reduced rental."* [Italics supplied.]

The parties named as defendants filed the following answer:

"Respondents Answer to Amended Petition.

"Come the respondents jointly, separately and severally, and for answer to said bill as amended, separately and severally admit the allegations of the *bill as amended* and join in the prayer for a declaratory judgment." [Italics supplied.]

The Minute Entry recites that:

"On this the 15th day of November, 1937, this cause being reached on the docket and called for trial, came the parties by their attorneys, and plaintiff files amendment; defendants file answer to petition as amended; and issue being joined, and it appearing to the Court that in this cause a jury has been waived as by the statute in such cases made and provided, the court proceeds to hear and determine this cause, and the court after hearing the evidence takes this case under advisement.

"On this the 16th day of November, 1937, came the parties by their attorneys, and this case having been heretofore taken under advisement by the Court, and the same being now fully considered and understood by the Court.

"Decision is rendered this day in favor of the petitioner for declaratory judgment, declaring the property under advisement in this cause to be exempt from ad valorem taxation, and from any and all possible interest and penalties, for the tax year of 1936, effective as to tax date October 1, 1935, by separate decree and judgment this day filed in words and figures as follows, to-wit:

"Commercial Realty Company, a corporation, Petitioner, v. State Tax Commission of Alabama, et al., Respondents.

"No. ——

"In the Circuit Court, Tenth Judicial Circuit of Alabama.

"In this cause, came the parties and by their respective attorneys submitted to *this Honorable Court* an agreed statement of facts and certain documents & letters and the said cause *having been heard and submitted for final ruling and decree thereon:*

"Now, therefore, it is the order, judgment and *decree* of this Court that the following declaration of the rights of the parties under the same is hereby made, to-wit:

"1. That the property herein described, namely, those premises located on the S. W. cor. of 5th Avenue and 23rd Street, No., in the City of Birmingham, Alabama, legally described as Lot 1, 2, and 3, Block 57, Birmingham, being 100 x 140 feet generally known and designated as 'The Transient Bureau', was and is hereby *decreed* to be exempt from ad valorem taxes as of October 1, *1936,* effective as of October 1, 1935.

"2. That the cost of these proceedings are hereby taxed against the respondents herein and execution may issue for the collection of the same." [Italics supplied.]

The facts alleged in the bill, or petition as amended, as a basis for the claim that the property is exempt from taxation, are, in short, that the premises were demised or

let to the United States, Public Welfare Division, from to-wit, October, 1933, until the 25th day of November, 1935, free of rent for use as a "Transient Bureau as part of the Federal Relief Program." That petitioner received notice in writing 30 days prior to the 30th day of September, 1935, that the said premises would be vacated on October 1, 1935; that the United States of America continued on, in possession of the said premises on and after the 1st day of October, 1935, until about the 25th day of November, 1935.

Not as a basis for tax exemption, as appears by the averments of the petition and the statement in brief, but as showing a justiciable controversy, the petition alleges that the property was assessed for taxes for the year 1936, and was claimed as being exempt by petitioner; that the exemption was granted by the Board of Revenue of Jefferson County, and the Tax Assessor, but that the Attorney General in an opinion ruled that the property was taxable for the year 1936, and thereupon the appellee filed this petition.

It clearly appears from the pleadings in this case that the parties treated it as a suit in equity; and from the minute entry, that the court treated it as an action at law, tried on evidence introduced on the trial. The minute entry proper recites that "issue being joined", while in the decree embodying the self laudatory reference, no doubt prepared by the attorney for the complainant, shows no such joinder of issue, but does recite that the case was "submitted to *this Honorable Court* on agreed statement of facts and certain documents and letters." [Italics supplied].

■ If in fact it is an action at law these recitals are governing, and in the absence of a bill of exceptions nothing is presented for review.

■ On the other hand, if this is a suit in equity, it clearly appears that there was neither issue of law or fact joined; that the cause was submitted on bill and answer, without note of testimony, and the only question presented for consideration was that raised by the admitted justiciable issue, under the declaratory judgment act, on the undisputed facts stated in the bill and admitted by the answer. Code, 1923, § 6548; Winter v. City Council of Montgomery, 83 Ala. 589, 3 So. 235; Rule 75 of Chancery Practice, Code, 1923, p. 930. This rule is mandatory and testimony not noted can not be considered.

Allison Lumber Co. v. Campbell, 225 Ala. 609, 144 So. 574; Johnston v. Johnston, 229 Ala. 592, 594, 158 So. 528.

■ While the unambiguous recitals of a judgment entry are conclusive and controlling as to matters which must appear therein, yet the recitals in the judgment or minutes can not convert a suit in equity to an action or proceeding at law. Whether the proceeding is at law or in equity must be determined by the character of the pleadings, the jurisdictions invoked and the relief sought. When recitals in judgments or decrees are ambiguous, such recitals must be construed in connection with the pleadings. Oliver v. Kinney, 173 Ala. 593, 56 So. 203; Coffey et al. v. Cross, 185 Ala. 86, 64 So. 95; Doss v. Wadsworth Red Ash Coal Co., 185 Ala. 597, 64 So. 341.

So construing the recitals of the record and the pleadings, we hold that this is a suit in equity, and is governed by the statute and rules governing equity procedure and practice.

■ Applying the law to the admitted facts, the lease or demise was terminated by notice thirty days before October 1, 1935, and the subsequent occupancy was at sufferance. The taxpayer, by such permissive occupancy can not avoid its obligation to assess and pay taxes on the property for the year 1936.

■ To enjoy the right of exemption under the provisions of § 91 of the Constitution, or § 2 of the General Revenue Law of 1935, Acts 1935, p. 257, the property must be irrevocably dedicated by the owner to exclusive charitable uses on the beginning of the tax year, when the obligation of the taxpayer arises, and such use must continue for and during the tax year. State v. Alabama Educational Foundation, 231 Ala. 11, 163 So. 527; Anniston City Land Co. v. State, 160 Ala. 253, 48 So. 659; Id., Second Appeal, 185 Ala. 482, 64 So. 110.

■ The agencies and officers named as defendants are the immediate and strict agencies of the State of Alabama, designated by law to supervise and enforce the collection of the State's revenues— its life blood—and this is essentially a suit against the State brought in violation of § 14 of the Constitution of 1901, and no one has authority to waive this immunity. State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; Ex parte Board of

School Com'rs of Mobile County, 230 Ala. 304, 161 So. 108; Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114; Cox v. Board of Trustees of University of Alabama, 161 Ala. 639, 49 So. 814; Kansas City Bridge Co. v. Alabama State Bridge Corporation, 5 Cir., 59 F.2d 48; Id., 287 U.S. 644, 53 S.Ct. 90, 77 L.Ed. 557.

The decree of the Circuit Court is therefore reversed and one here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.