192 So. 52

## PITTSVIEW WAREHOUSE & FERTILIZER CO. v. PITTS et al.

### 4 Div. 90.

Supreme Court of Alabama.

Nov. 16, 1939.

J. B. Hicks, of Phenix City, for appellant.

H. A. Ferrell, of Seale, for appellees.

BROWN, Justice.

The bill was filed by appellant seeking the cancellation of deed made by the Judge of Probate to appellees in pursuance of proceeding to sell lands for the non-payment of state and county taxes by the owner of the property, on the ground that there was in fact no sale of the property; that the certificate of sale made by the tax collector, upon which the Judge of Probate acted in the execution of the deed, was fictitious, fraudulent and void, and defendants with knowledge thereof participated in the fraud by procuring the execution of said deed on said fictitious certificate.

The alleged fraud is specifically denied by the defendants, who in their answer affirm a regular sale by the tax collector in pursuance of the tax sale proceeding, and the payment of the purchase price bid at the sale.

The decree from which the appeal is prosecuted after reciting, "This cause coming on to be heard is submitted now on the original bill and answer and *pleadings* as noted by the Register," denied complainant relief and dismissed its bill. [Italics supplied.]

The burden of proof was on the complainant, and in the absence of testimony duly noted by the Register as required by Rule 75 of Chancery Practice, no other decree than that entered by the court was warranted by the record. Winfield Lumber Co. v. Southern Mfg. Co. et al., 209 Ala. 614, 96 So. 756; Watson v. Kirkland, 204 Ala. 655, 87 So. 93.

The rule is mandatory and can not be waived as it affects the court and its procedure. Allison Lumber Co. v. Campbell, 225 Ala. 609, 144 So. 574; Mullen v. First Nat. Bank of Montgomery, 226 Ala. 305, 146 So. 802; Commercial Inv. Trust, Inc., v. East, 217 Ala. 626, 117 So. 160.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.