192 So. 52

**HUGULEY v. HUGULEY.**

4 Div. 86.

Supreme Court of Alabama.

Nov. 16, 1939.

T. Hicks Fort, of Columbus, Ga., and J. B. Hicks, of Phenix City, for appellant.

Roy L. Smith, of Phenix City, for appellee.

BROWN, Justice.

The bill, filed by the appellant as the executor of the last will and testament of R. A. Huguley, deceased, against Huguley's widow, seeks to have set aside, cancelled and held for naught, four certain deeds executed by said Huguley to the defendant. Two of the deeds were executed before the marriage and in part consideration thereof, and the other two thereafter as gifts.

The original bill attacked all of said conveyances on the ground that their execution was procured by the defendant through undue influence, a species of fraud. The bill was subsequently amended, and as amended the bill challenged said deeds on the further ground of want of mental capacity in the grantor to convey, and, for non-delivery by the grantor.

The defendant's answer denies the material allegations of the bill, and asserts due execution and delivery, on valuable consideration, of the first mentioned two deeds; and the execution and delivery of the other as gifts inter vivos. 28 C.J. 621.

The decree from which the appeal was prosecuted denied the complainant relief and dismissed the bill, hence this appeal.

The appellant, in brief and argument, abandons his attack on the first two mentioned deeds, and concedes that they were executed before the marriage of the parties on sufficient consideration. He also concedes, that "there is very little evidence

in the record in regard to undue influence," but insists that the court erred in dismissing his bill.

 The allegations of the bill, denied by the answer, carried the burden of proof to the complainant to adduce, and note as required by Rule 75 of Chancery Practice, evidence sufficient to reasonably satisfy the Circuit Court of the truth of the bill's averment.

The scope and purpose of the rule is not only to protect the parties against sharp practices of placing in the files spurious matters not offered as evidence and fraud, but to guard the court against such practices. The rule affects the court and its procedure, and can not be waived.

It was declared by this court, at the December Term, 1888, more than a half century ago, "these rules are both mandatory and prohibitory. They command that all testimony offered by the parties be noted by the register and entered on the minutes, and prohibit the consideration of any testimony not so offered, though it may be among the papers of the cause." Reese v. Barker, 85 Ala. 474, 5 So. 305, 306.

And at the November Term, 1914–15, the purpose and effect of the rule was more fully stated as follows: "That the rule has the force and effect of a statute, and that it is both mandatory and prohibitory, excluding from consideration any testimony not so noted, though the testimony may be found among the papers in the cause. The effect of the rule is by reference in the note of testimony to make a record of the evidence in substitution for that afforded by the ancient practice of the chancellors of reciting in their decrees at length the entire pleadings in the cause and the substance of the evidence contained in the depositions. Fletcher's Eq.Pl. & Pr. § 718. It serves the purpose besides of bringing to the chancellor's attention the evidence upon which the parties rely, and upon appeal to give this court indubitable information as to the evidence taken into consideration by the chancellor in arriving at the conclusion stated in his decree. And it is the rule of decision in this court on appeal to reverse decrees when the evidence on which they must have been based is not noted as the rule of practice requires." Turner v. Turner, 193 Ala. 424, 431, 432, 69 So. 503, 506; Carson et al. v. Sleigh, 201 Ala. 373, 78 So. 229.

It is likewise well settled that when the party upon whom the burden of proof rests is denied relief, in the absence of testimony noted as required by the rule, the decree will be affirmed on appeal. Winfield Lumber Co. v. Southern Mfg. Co. et al., 209 Ala. 614, 96 So. 756; Watson v. Kirkland, 204 Ala. 655, 87 So. 93; Pittsview Warehouse & Fertilizer Company v. B. R. Pitts et al., ante, p. 494, 192 So. 52.

No testimony was noted, and applying the stated rules the decree of the Circuit Court is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.