192 So. 267

**BOSWELL v. LONGSHORE et al.**

**2 Div. 147.**

Supreme Court of Alabama.

Nov. 23, 1939.

D. M. Boswell, of Butler, for appellant.

Geo. O. Miller and Geo. O. Miller, Jr., both of Livingston, for appellees.

PER CURIAM.

Appellant in her bill sought to disaffirm a mortgage foreclosure on her real estate therein described, and to be permitted to exercise the equity of redemption by payment of the amount due thereon, with proper credit for rentals received by the mortgagee in possession following foreclosure, after allowance also for waste and unnecessary and excessive repairs to the property.

The decree granted the relief sought in respect to the redemption, stating an account and fixing the sum necessary to be paid to effectuate redemption, and the time within which the redemption is to be effectuated. Complainant was dissatisfied with the amount fixed for redemption, and prosecutes this appeal from such final decree.

The cause was tried before the chancellor on oral testimony of the witnesses and some exhibits which were offered. There was no pretense of a note of testimony by either complainant or defendants. Rule 75 Chancery Practice was wholly ignored; and appellee stresses the point of a non-compliance with this rule.

▋ Our decisions are uniform to the effect that this rule requiring a note of testimony is mandatory, and that testimony not noted cannot be considered. Huguley, Ex'r, v. Huguley, Ala.Sup., 192 So. 52;[1] Allison Lumber Co. v. Campbell, 225 Ala. 609, 144 So. 574; State Tax Commission v. Commercial Realty Co., 236 Ala. 358, 182 So. 31; Fischer v. Pope, 229 Ala. 170, 155 So. 579; Home Insurance Co. v. Shriner, 235 Ala. 65, 177 So. 897; Johnston v. Johnston, 229 Ala. 592, 158 So. 528; Jones v. First National Bank, 236 Ala. 606, 184 So. 168. And the rule embraces testimony taken orally before the chancellor. Lunday v. Jones, 204 Ala. 326, 85 So. 411; Brassell v. Brassell, 205 Ala. 201, 87 So. 347.

In Winfield Lumber Co. v. Southern Mfg. Co., 209 Ala. 614, 96 So. 756, 757, the Court said: "Rule 75 is exacting, and is so enforced." It is also observed that "In the absence of note of testimony, a decree will not be reversed where the decree concludes in denial of the appealing actor's right to relief." See, also, Watson v. Kirkland, 204 Ala. 655, 87 So. 93; Beck v. Burchfield, 205 Ala. 486, 88 So. 417; Saxon v. Parson, 206 Ala. 491, 90 So. 904.

▋ These observations are applicable here. Complainant is the appealing actor.

There being no note of testimony, insofar as the decree denies to her the relief she here seeks it cannot be reversed, and of course insofar as it grants to her relief she sought by way of redemption she cannot complain.

It may be added that no change in this rule, as found in Rule 57 of Rules of Equity Practice, 191 So. XXV, can affect appellant's case Rule 120, Rules of Equity Practice, 191 So. supra. (So. Advance Sheet, issue November 11, 1939).

It results, therefore, that the decree is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

