12 So.2d 87

**ALEXANDER et al. v. ALEXANDER et al.**

8 Div. 959.

Supreme Court of Alabama.

Feb. 11, 1943.

Perdue & Miller and Ernest E. Alexander, all of Moulton, for appellants.

Chas. H. Eyster, of Decatur, for appellees.

LIVINGSTON, Justice.

A complete history of the protracted litigation involving the subject matter of the present suit will be found in the report of the case of Alexander v. Alexander et al., 230 Ala. 170, 160 So. 343.

In the former opinion, this court held that the amended bill of complaint stated a cause of action, and affirmed the decree of the lower court overruling demurrers to it. After affirmance, respondent refiled his original answer, and further answered paragraphs 15, 16, 17 and 18, which are set out in the report of Alexander v. Alexander et al., supra.

The testimony of the witnesses in the cause was taken by depositions.

The present appeal is from a decree of the trial court denying to appellants, complainants in the court below, the relief prayed for in their bill, and dismissing the bill. The record in this case fails to dis-

close a note of testimony as required by Chancery Rule 75 in force at the time the cause was submitted for final decree.

In the absence of a note of testimony, a decree will not be reversed where the decree concludes in denial of the appealing's actor's right of relief. Winfield Lumber Co. v. Southern Mfg. Co., 209 Ala. 614, 96 So. 756; Watson v. Kirkland, 204 Ala. 655, 87 So. 93; Beck v. Burchfield, 205 Ala. 486, 88 So. 417; Saxon v. Parson, 206 Ala. 491, 90 So. 904.

This rule is mandatory, and prohibits the consideration of any testimony not offered and noted as prescribed. Potts v. Court of Commissioners of Conecuh County, 203 Ala. 300, 82 So. 550; Lunday, et al. v. Jones et al., 204 Ala. 326, 85 So. 411; Brassell v. Brassell, 205 Ala. 201, 87 So. 347. The rule applies to all cases tried in the circuit court, in equity. Conner v. State, ex rel. Perry, Deputy Solicitor, 211 Ala. 325, 100 So. 474.

Failing in the proof, the decree of the trial court is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and LAWSON, JJ., concur.