12 So.2d 385

**CAMPBELL et al. v. RICE.**

**8 Div. 186.**

Supreme Court of Alabama.

March 11, 1943.

Bradshaw & Barnett, of Florence, for appellants.

W. L. Almon and W. A. Barnett, both of Florence, for appellee.

LAWSON, Justice.

This was a statutory bill to quiet title. filed by Hueston Clay Rice under Section 9905, Code of 1923 (Section 1109, Title 7, Code of 1940), against Mrs. Nannie Campbell and Mrs. Allison White.

The bill alleges that complainant is the owner and in peaceable possession of the property described in the bill; that he is the son of Young Clay Rice by a common-law marriage to Margaret E. Rice; that Young Clay Rice died on the 21st day of August, 1924, at which time he was the owner of and in peaceable possession of the said property; that complainant was the only child of Young Clay Rice; that the respondents claim some title or interest in said lands; that no suit is pending to enforce or test the validity of such title; and the respondents are called upon to show the nature and extent of their claim or title so that such claim or title may be adjudicated by the court.

The respondents' demurrer to the bill was overruled by the trial court.

The appellants, as respondents to the original bill, filed an answer and cross-bill alleging that they, together with Nora Crump and Barney B. Rice, were the owners of the lands described in the bill of complaint, as tenants in common, in that they are the children of a deceased brother and sister of Young Clay Rice; that Hueston Clay Rice, the complainant (appellee), is not the owner of the land and is not the son of Young Clay Rice by a common-law marriage to Margaret E. Rice.

Hueston Clay Rice, Nora Crump and Barney B. Rice were made cross-respondents. The parties Nora Crump and Barney B. Rice were served by registered mail and permitted a decree pro confesso to be entered against them. Hueston Clay Rice filed a general denial to the cross-bill. The trial court rendered a decree in favor of the complainant Hueston Clay Rice, wherein it was decreed that Hueston Clay Rice was the owner of the lands involved as the son of Young Clay Rice and Margaret·E. Johnson. The respondents, Mrs. Nannie Campbell and Mrs. Allison White, filed a petition for rehearing, which was overruled.

■ ■ The action of the trial court in overruling the demurrer is made the basis of the first assignment of error. The demurrer raised the point that the allegation, "Your complainant alleges that he is the son of Young Clay Rice by a common law marriage to Margaret E. Rice," is the mere conclusion of the pleader. Even if this were true, it would not render the bill demurrable in view of the fact that the bill complies with Section 9905, Code of 1923, as to averment of ownership and possession. In a statutory bill to quiet title it is not necessary that the source of the complainant's claim or title be set out in the bill of complaint. Nor is a statutory bill to quiet title which contains all the statutory requirements rendered invalid because it goes further and states the source of the title of the complainant, since such allegation is surplusage. The demurrer was correctly overruled. Stacey v. Jones, 180 Ala. 231, 60 So. 823; Vaughan et al. v. Palmore, 176 Ala. 72, 57 So. 488; Adler v. Sullivan, 115 Ala. 582, 22 So. 87; Hooper v. J. H. & W. B. Bankhead, 161 Ala. 523, 49 So. 858.

The appellants assign as error the action of the trial court in rendering a decree in favor of the appellee in which it is held that the appellee is the owner of the land involved in this suit, as the sole heir at law of Young Clay Rice as a result of a common-law marriage between Young Clay Rice and Margaret E. Johnson.

■ As heretofore pointed out, the bill in this case goes beyond the averments required by statute and alleges that the appellee is the son of Young Clay Rice, the former owner of the lands, by a common-law marriage with Margaret E. Rice, and that as the sole heir at law of Young Clay

Rice, appellee is the owner of the lands involved. This allegation of ownership, which was denied in the answer, placed on complainant the burden of proving ownership in addition to peaceable possession. Vaughan et al. v. Palmore, supra; Adams v. Pearce, 218 Ala. 525, 119 So. 236. The issues are therefore different from a case where ownership in complainant is not alleged. Davis v. Daniels, 204 Ala. 374, 85 So. 797; Gray v. Alabama Fuel & Iron Co., 216 Ala. 416, 113 So. 35.

■ Equity Rule 57, Title 7, Appendix, Code of 1940, page 1095, requires that a note of submission, signed by each party to the submission or his attorney of record, showing the proof upon which he rests his case, be filed by the register at the time of the submission for a final decree, and provides that the court shall not consider anything not noted on the note of submission. The only exception to the rule is where testimony is given orally before the judge in open court under Rule 56, and where such testimony is written out and filed in the cause.

■ The testimony in this case was taken before the register on deposition, except the deposition of Margaret E. Rice, which was taken before a commissioner. In the recent cases of Alexander et al. v. Alexander et al., Ala.Sup., 12 So.2d 87 [1] and Weatherwax et al. v. Heflin, Ala.Sup. 12 So.2d 554,[2] it was held that testimony taken before the register or by deposition must be noted as required by Rule 57, supra.

■ We find that no note of submission by complainant, appellee, is contained in the record. The record contains a note of submission on the part of the respondents, appellants, wherein they submitted on the cross-bill and exhibits thereto, the testimony of the witnesses called by them, and upon the cross-examination of three witnesses for the complainant.

In view of the fact that appellee did not comply with the requirements of Equity Rule 57, supra, we cannot consider any testimony not so noted, though it may appear in the transcript transmitted to this court, and though no insistence is made by counsel in regard thereto. The decree shows on its face that testimony not noted was considered by the trial court, but this fact does not authorize us to so consider it. It should not have been considered by the trial court.

_____

[1] Ante, p. 24.  [2] Post, p. 210.

In the case of Mullen v. First National Bank of Montgomery, 226 Ala. 305, 146 So. 802, 804, Mr. Justice Knight, writing for the court on this point, said: "Before concluding this opinion, there is one matter that we feel impelled to mention, lest, by silence, our position may not be fully understood. There appears in the record copies of the tax assessments supposedly made by J. G. Mullen, and filed by him with the tax assessor of Montgomery county, Ala., covering the tax years 1926, 1927, and 1928. There also appears in the record what purports to be an order of the circuit judge, who heard this case, reciting that these assessments were introduced in evidence by the complainant, and considered by the court in the decision of the cause, but which were 'inadvertently omitted from the note of testimony.' This order, though made after the appeal was perfected, directed that 'the said assessments be copied into and made a part of the transcript for the appeal, in so far as they show the amount of the property, both real and personal, assessed by said J. G. Mullen during said years.' If the decree, within its four corners, furnished any evidence of the fact that the court had considered the assessments in reaching its conclusion, we would be forced to reverse the decree, for consideration of such evidence would be in direct contravention of rule 75 of Chancery Practice, which forbids the consideration of any evidence not noted; and the fact that the evidence was not noted by inadvertence cannot change the effect of the rule. This rule, as repeatedly declared by this court, is mandatory in terms, and must be complied with."

The testimony noted by the respondents has been carefully considered and it in no way justified the conclusion that there was a common-law marriage between Young Clay Rice and Margaret E. (Johnson) Rice, the establishment of which fact was essential to the complainant's right of recovery under the pleadings. We are, therefore, constrained to the conclusion that it was error to decree that the complainant was the owner of the lands involved in this suit. The decree must be reversed, and the cause remanded, that the parties may offer their testimony, and have it noted in conformity with the rule. Reese v. Barker, 85 Ala. 474, 5 So. 305; Turner v. Turner, 193 Ala. 424, 69 So. 503; Harrod v. State, 225 Ala. 669, 145 So. 137; Pittsview Warehouse & Fertilizer Co. v. Pitts, 238 Ala. 494, 192 So. 52.

The respondents, after the rendition of the original decree, moved for a rehearing under Equity Rule 62. Many affidavits were offered in support of this motion. The trial court wrote an opinion in overruling the motion for rehearing, but did not in any way modify the original decree. The transcript filed here includes the motion for rehearing, the affidavits in support thereof and the court's opinion on rehearing. Appellee has filed here a motion to strike from the transcript all of the proceedings relating to the motion for rehearing and to tax appellants with the cost incurred by the inclusion of such proceedings in the transcript. The insistence is made by appellee that inasmuch as the trial court did not modify the original decree it was unnecessary for the transcript to include the proceedings incident to the motion for rehearing, since Equity Rule 62 provides that an appeal will not lie from an order or decree on rehearing unless such order or decree modifies the original decree. Section 767, Title 7, Code of 1940, provides as follows: "The register, clerk, or judge of probate, must, on the application of the appellant or his attorney, make and deliver to him in time to be returned to the appellate court, a full and complete transcript of the record and proceedings in the case, together with his certificate that the appeal was taken, and the time when, and when returnable, and the citation and a copy of the appeal bond, if any was given, with his certificate that it is a complete transcript of all the proceedings in the cause, and envelope and seal up the whole in a package directed to the clerk of the appellate court, or deliver to the attorney applying for the same; and no costs shall attend or grow out of the trial and litigation of said cause other than are created and authorized by law."

The motion for rehearing and proceedings incident thereto are a part of the proceedings of the cause and we think properly included in the transcript. Appellee's motion is denied.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.