187 So.2d 268

STATE of Alabama ex rel. Richmond M. FLOWERS, as Attorney General

v.

Bruce WILLIAMS.

I Div. 277.

Supreme Court of Alabama.

April 15, 1966.

Rehearing Denied June 16, 1966.

Richmond M. Flowers, Atty. Gen., John D. Bonham and David Ellwanger, Asst. Attys. Gen., for appellant.

Adams, Gillmore & Adams, Grove Hill, for appellee.

GOODWYN, Justice.

The State, appellant here, brought a declaratory judgment procceding in the circuit court of Washington County, in equity, against appellee, Bruce Williams, to determine whether a patent issued by the State on February 20, 1872, and recorded in the Washington County probate office on August 22, 1888, includes 80 acres of land (N. ½ of SW. ¼, Section 4, Tp. 5 N., R. 3 W.) in Washington County claimed by Williams. (This is one of the so-called "Chardavogne" patents, discussed in Jordan v. McClure Lumber Co., 170 Ala. 289, 304, 54 So. 415). The State sought a declaration that the patent does not include this land. The trial court held that it does. The State brings this appeal from that decree.

The State's position is that the patent, as issued, included the *S*. ½ of the SW. ¼ and that this was changed to *N*. ½ by someone without authority to do so, after the patent was recorded in the Washington County probate office.

The decree recites that the cause was "submitted for the decision of the court upon the bill of complaint, as amended, the answer of respondent, the agreement or stipulation of counsel, and the testimony as noted by the register." However, the record does not contain a note of testimony as required by Equity Rule 57, Code 1940, Tit. 7, Appendix, p. 1095, as amended by Act No. 347, appvd. July 6, 1945, Gen. Acts 1945, p. 563; Recompiled Code 1958 (unofficial), Tit. 7, Appendix, p. 1268.

In discussing this rule in Campbell v. Rice, 244 Ala. 144, 146, 147, 12 So.2d 385, the court had this to say:

"Equity Rule 57, Title 7, Appendix, Code of 1940, page 1095, requires that a note of submission, signed by each party to the submission or his attorney of record, showing the proof upon which he rests his case, be filed by the register at the time of the submission for a final decree, and provides that the court shall not consider anything not noted on the note of submission. The only exception to the rule is where testimony is given orally before the judge in open court under Rule 56, and where such testimony is written out and filed in the cause.

\*　\*　\*　\*　\*　\*

"We find that no note of submission by complainant, appellee, is contained in the record. \* \* \*

"In view of the fact that appellee did not comply with the requirements of Equity Rule 57, supra, we cannot consider any testimony not so noted, though it may appear in the transcript transmitted to this court, and though no insistence is made by counsel in regard thereto. \* \* \* '\* \* \* [T]he fact that the evidence was not noted by inadvertence cannot change the effect of the rule. This rule, as repeatedly declared by this court, is mandatory in terms, and must be complied with.' "

The record discloses no "testimony given orally before the judge in open court."

The allegations of the amended bill, denied by the answer thereto, placed on the complainant (appellant) the burden of adducing evidence sufficient to support the bill's material allegations going to the relief prayed for. In other words, the burden was on the complainant to prove that the patent had been altered as alleged. It is a rule of long standing that when the party upon whom the burden of

proof rests is denied relief and appeals, the decree will be affirmed in the absence of a note of testimony as required by Equity Rule 57. See: Alexander v. Alexander, 244 Ala. 24, 25, 12 So.2d 87; Huguley v. Huguley, 238 Ala. 495, 496, 192 So. 52.

The decree appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.